Odell *v.* Brown.

*E. Walker,* for the appellant.

*D. D. Pratt,* for the appellee.

---

## ODELL *v.* BROWN.

A Court should not set aside the general verdict of a jury rendered upon a special finding of facts, although the special finding may seem not to sustain the general verdict, where there was evidence before the jury tending to sustain the general verdict.

APPEAL from the *Tippecanoe* Common Pleas.

PERKINS, J.—*Lazarus M. Brown* and *George H. Weaver* were partners in the mercantile business in the city of *Lafayette, Indiana;* and about the first of *January,* 1857, they dissolved that partnership, *Brown* selling out to *Weaver,* who took the assets, and was to pay all the debts, including one of near 3,000 dollars to *Brown,* the retiring partner.

Early in the following spring, *Weaver* formed a partnership with *Jerome B. Odell,* to be carried on in *Kansas, Weaver* putting in as his portion of the capital stock, the goods he had on hand as successor to the firm of *Weaver & Brown.* Subsequently to these transactions, and when about to start for *Kansas, Weaver* executed a bond to *Brown,* with *Odell* as

Odell *v.* Brown.

surety, conditioned for the performance of the contract he made with *Brown* at the dissolution of their partnership, viz: that he would pay the debts of the firm, &c. This bond was executed on the 14th of *April*, 1857, three and a half months after the contract was made, the performance of which it was designed to secure, and to which contract *Odell* was not a party. *Weaver* failed to pay the debts, and *Brown* sustained a loss. *Weaver* is insolvent. *Odell* is dead, and the pending suit is by *Brown* against *Odell's* administrator on the bond above mentioned.

The suit is defended on the ground of want of consideration for the bond, as to *Odell*. The jury found the facts specially, and a general verdict for the defendant, but the Court below gave judgment for the plaintiff on the special finding, *non obstante.* the general verdict. The simple previous obligation of *Weaver* to *Brown* was no consideration for the bond in question as against *Odell*. It was a past consideration. See *Boston* v. *Dodge*, 1 Blackf. by P. & D. p. 18, and notes; Will. on Per. Prop. side page 68, note; Chit. Cont. 52, and note. *Brown* had no lien on the goods by virtue of his late partnership with *Weaver; Dunham et al.* v. *Hanna et al.*, at this term; therefore, the fact of releasing the goods from a lien did not exist as a consideration, at least, so far as it is shown by the record.

But another state of facts may have existed. *Weaver* had agreed with *Brown* to pay given debts, among them a large one to *Brown* himself. Those debts may have been, and it is inferable they were, due; *Weaver* was about leaving the State taking with him the property with which those debts might, and, morally, perhaps, should be paid. *Odell* was interested in his leaving and taking with him the property. *Brown* could doubtless have arrested his departure and tied up the property by legal process; and to prevent this, *Weaver* and *Odell* may have executed the bond in question. If it was

executed under such circumstances, it was upon a valuable consideration as to both obligors. The jury might fairly have inferred such a consideration for the bond, and, as a consequence, held *Odell* liable; but they did not, and we do not think a case was presented where the Court had a right to infer it in opposition to the finding of the jury.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for another trial.

*Z. Baird, H. W. Chase* and *J. A. Wilstach*, for the appellant.

*John A. Stein*, for the appellee.