HELPHREY v. CHICAGO AND ROCK ISLAND R. R. CO.

**Tender:** DEFICIENT AMOUNT. If a party tender less than is due he does so at his peril, though he may honestly believe that the amount tendered is all that is due the plaintiff.

**Jury and verdict:** JUDGMENT ON SPECIAL FINDINGS. Where the jury return special findings, without any general verdict, the court may render judgment on such special findings when the amount to which plaintiff is entitled under the law is clear therefrom.

*Appeal from General Term, Sixth District (Jasper County).*

WEDNESDAY, AUGUST 31.

PLAINTIFF claims double damages for the killing of a colt, of the value of $60.00, by defendant's train and for

time given and money expended about the care of said colt, after the injury, at defendant's request. The answer admits every material allegation of the petition, except as to value, and averring a tender of $55 in full payment, etc., and its refusal. The injury occurred June 23, 1868, and the notice thereof was served upon the station agent upon the 26th of the same month. The jury found specially that the colt was of the value of $60.00, that defendant refused to pay this value within thirty days, and that there was a tender of $55.00 July 26, 1868. There was no general verdict, but upon the special verdict and the issues found, judgment was rendered for plaintiff for the double damage ($120), increased by the value of the services, etc., which the jury found to be $15.80. Defendant appealed to the general term, and, from the order of affirmance there, appeals to this court.

*Lindley & Ryan* and *Withrow & Wright* for the appellant.

*Smith & Cook* for the appellee.

WRIGHT, J. — I. It is objected that the court erred in receiving cumulative testimony as to the value of the colt, after defendant had closed its testimony on that subject. To this it is sufficient to say that the testimony of the witnesses is not given, and we cannot hence know that it was either corroborative, material or prejudicial. *Mays* v. *Deaver*, 1 Iowa, 216 ; *Spears* v. *Fortner*, 6 id. 153 ; *Oliver* v. *Depew* 14 id. 490.

II. Defendant proposed to prove that it had in good faith tendered what was believed to be the value of the

1. TENDER; deficient amount.

colt, as far as could be ascertained by due inquiries in the neighborhood, and this evidence was rejected. This ruling is in full accord with *Brandt* v. *Chicago & R. I. R. R. Co.*, 26 Iowa, 114.

Then too, it is most reasonable. In no other case can a party obtain the benefit of a tender unless he offers enough. We can conceive of no reason for exempting defendant from a rule so just and necessary. If a party tender less than is due his creditor, he does so at his peril.

III. It is insisted that as there was no general verdict, the court erred in rendering judgment upon the special

2. JURY AND VERDICT: judgment on special findings. findings. And here the argument is, that as plaintiff is to recover money from the defendant, it is indispensable that the amount of the recovery should be assessed by the jury. Under our statute a verdict is either general or special, and when a general verdict is returned, the jury may, and must, when required by either party, find specially upon particular questions of fact. In this case the jury found specially, presenting by the verdict ultimate facts, precisely as required by the law. Rev. §§ 3077, 3078, 3079. The only matter in controversy was as to the value of the colt; this being found, the law fixes the amount of the recovery. For here the injury is admitted, as also that it occurred on defendant's road, at a place where there was a right to fence, and that there was no fence. It is further admitted that defendant had due notice of the injury, and if there had been an admission as to the value of the colt, there would have been nothing to try, for plaintiff would have been entitled to a judgment without proof, upon the state of the pleadings, for double the value of the property. Acts of 1862, ch. 169, § 6.

A verdict, general or special, is sufficient if it expresses the intention of the jury, and when it, upon the matters in issue, is sufficiently definite to enable the court to pronounce judgment thereon, it is not necessary that there should be a general verdict for either party. And hence,

if, in this case, the jury had found specially the value of the colt, and then the double value, there would remain no doubt as to the right and duty of the court to render judgment for the $120, though there were no return, in terms, of the amount of plaintiff's recovery. We here leave out of view all matters in connection with the tender, as they do not affect the matter now before us, and the same is true as to the value of the services, etc., for as to these, the jury found specially the precise amount of the recovery over the double value of the colt. A verdict so definite and special would take the place and obviate the necessity of an assessment of the amount of the recovery. For thereby the court would have before it all the data necessary to the judgment. And the same is true, in view of the issues in this case, where the single value is found: and the law awards the double damages. There is, in legal estimation, an assessment. See *Harrell* v. *Stringfield*, Mor. 18; *Stevens* v. *Campbell*, 6 Iowa, 538: *McGregor* v. *Armell*, 2 id. 30 ; *Edwards* v. *McCaddon*, 20 id. 520. In the case before us the court had certain and unmistakable data upon which to base the judgment. *State* v. *Turner*, 19 id. 144.

We have carefully examined most of the cases cited by appellant in support of this point, and find nothing in them sustaining the proposition, that, in case of a money judgment, the jury must in terms and in all cases assess the amount, whether the verdict be general or special. They do recognize the doctrine that a special finding shall override the general verdict only when both cannot stand, and that this antagonism must be apparent upon the face of the record, etc. This was held in the cases cited from 18 Ind. 288; 24 id. 128, and others, and is no more than was ruled by this court in *Bonham* v. *Ins. Co.*, 25 Iowa, 328, and *Hardin* v. *Brannan*, id. 364. This is not a case where the answers of the jury, or the special

verdict, failed to cover the whole case, and *Manning* v. *Monaghan*, 23 N. Y. 539, is hence not applicable. A case more nearly parallel will be found in 15 Abb. Pr. 454; *S. C.*, 24 How. Pr. 455 (*Bulkley* v. *Marks*). And see *Eisemann* v. *Swan*, 6 Bosw. 667, and cases there cited.

**Affirmed.**