GEORGE A. AWDE v. A. B. COLE and Another.[1]

November 23, 1906.

Nos. 14,872—(26).

**Verdict—Inconsistent Special Findings.**

Special findings should always be reconciled with a general verdict, if they reasonably may be. But where there is necessary inconsistency, the special findings prevail and on proper application the general verdict must be set aside.

**Same.**

Where a jury finds by special verdict for one party on all issues raised by the pleadings, which have been made the object of proof and have been submitted to the jury, and also finds a general verdict for the other party, judgment may be rendered on the special verdict, but, where, on the contrary, the pleadings and proof tend to sustain liability on a number of grounds, all of which have been properly submitted to the jury, and the jury finds a general verdict for the party seeking recovery, that verdict will not be avoided because, by special findings addressed to less than all such grounds of liability, the jury has found for the party sought to be charged.

**Negligence of Physician—Judgment Notwithstanding Verdict.**

Here plaintiff brought an action to recover damages for alleged negligence on the part of defendant physicians: (1) In the diagnosis of appendicitis, in the performance of the actual operation, and in the subsequent care of the wound; (2) in burning plaintiff's leg after the operation, and in the subsequent treatment of that burn. The jury returned a general verdict for the plaintiff, and special verdicts finding that the defendants were not negligent in the performance of the operation or in the subsequent treatment of the wound which it caused, and that the nurse, who put a hot stone in the bed in which plaintiff was to be placed, whereby the burn was caused, was a servant of the plaintiff and not of the defendants. There was added to the answer to the last question "and at the time the plaintiff received the burns on his leg we believe the defendants were responsible for the actions of the nurse." It is *held:*

(1) That the trial court properly regarded the addenda of the jury respecting the responsibility of the defendants, of the acts of the nurse, as a gratuitous and immaterial conclusion of law; (2) that the charge of negligence in diagnosis having been abandoned by total failure of proof, it

[1]Reported in 109 N. W. 812.

was not an issue covered by the general verdict which a special verdict failed to negative; (3) that, inasmuch as the charge of negligence in connection with the burn, as set forth in the charge of the court to the jury, was broad enough to cover responsibility by virtue of the relationship as well as by virtue of failure to take care after knowledge of danger, and inasmuch as the special verdict negatived only responsibility by virtue of relationship and not because of direct personal conduct, the trial court was in error in granting the motion for judgment notwithstanding the verdict on the ground only of the inconsistency of the general and special verdicts.

Action in the district court for Otter Tail County to recover $25,000 for alleged malpractice. The case was tried before Searle, J., and a jury, which returned a general verdict in favor of the plaintiff for $500. From a judgment entered pursuant to an order granting a motion for judgment on special findings, notwithstanding the general verdict, plaintiff appealed. Reversed and case remanded with permission to defendants to move the trial court for a new trial or for a judgment notwithstanding the verdict.

*Chas. E. Wolfe* and *Aaron J. Bessie,* for appellant.

*J. W. Mason,* for respondents.

JAGGARD, J.

Plaintiff and appellant brought an action against the defendants and respondents to recover damages for alleged malpractice. The pleadings, it is here insisted, put in issue charges of negligence on defendants' part: (1) In the diagnosis of appendicitis, in the performance of the actual operation, and in the subsequent care of the wound; and (2) in burning plaintiff's leg after the operation, and in the subsequent treatment of that burn.

The testimony showed that a trained nurse, Mrs. Mucke, whom defendants had no reason to believe untrustworthy, put into the bed into which plaintiff was to be placed after the operation, a warm stone, pursuant to directions of the physicians. Plaintiff's leg was burned by contact with that stone. No permanent injury resulted. The court, on application of the defendants, submitted two specific questions to the jury, which, with their answers, were as follows:

> 1. Did the defendants in performing the operation for appendicitis on plaintiff, and in the subsequent care of the wound

caused by such operation use and exercise ordinary care and skill? Answer. Yes.

2. Was the nurse, Mrs. Mucke, the servant of the defendants or the servant of the plaintiff in her care of plaintiff during said operation and subsequent nursing? Answer. The servant of plaintiff. But, at the time of the operation, and at the time plaintiff received the burns on his legs, we believe the defendants were responsible for the actions of Mrs. Mucke in this case.

The jury returned a general verdict for the plaintiff for $500.

Defendants moved the court, on a settled case containing all the evidence taken and all proceedings had upon trial, for an order for judgment in favor of defendants upon the ground that the special findings aforesaid were inconsistent with the general verdict, and that, on said verdict, and all the records and files in said action, the defendants were entitled to judgment. The court granted this motion, and directed judgment to be entered for the defendants. From the judgment rendered for the defendants pursuant to said order, this appeal was taken.

The essential question in this case is whether the court properly held the special verdicts to be irreconcilably inconsistent with the general verdict. If inconsistency existed, it is elementary that the special verdicts prevail. The trial court properly regarded the finding of the jury in answer to the second question—that, at the time of the operation and at the time plaintiff received the burns on his legs, the defendants were responsible for the action of the nurse—as a gratuitous and immaterial conclusion of law, and as having no legal effect upon that finding. The resulting controversy presented for our consideration is whether this general verdict involved any issue which the special verdicts did not determine adversely to the defendants. The definition of the term "issue" as thus used is the subject of controversy.

There are authorities which have gone so far as to hold that, before special findings will be held to avoid a general verdict on the ground of inconsistency, the record must show the conflict between the general and special findings beyond any possibility of being removed by any evidence that would have been admissible under the issues raised by the pleadings. For example, Woods, J., said, in Stevens v. City,

76 Ind. 498, 501: " * * * In considering whether the facts specially found are irreconcilable with the general verdict, no reference can be made to the evidence actually adduced on the trial. The question to be decided is not whether, in the light of the evidence adduced, the general verdict is inconsistent with the facts found—the remedy in case of such an inconsistency is a new trial. But, upon the motion for judgment non obstante, the general verdict prevails over the special findings, if there could have been, under the issues, proof of supposable facts, not inconsistent with those specially found, sufficient to sustain the general verdict, or, in other words, sufficient to reconcile the general verdict with the special answers." And see Kerr v. Keokuk, 95 Iowa, 509, 64 N. W. 596; Toledo v. Milligan, 52 Ind. 505; Odell v. Brown, 18 Ind. 288; Scheible v. Law, 65 Ind. 332; Muncie v. Maynard, 5 Ind. App. 372, 32 N. E. 343; Perry v. Makemson, 103 Ind. 300, 2 N. E. 713; McDermott v. Higby, 23 Cal. 489.

To such an extreme view, we are unable to give our assent. Naturally, the issues of a particular controversy, whose merits are sought to be determined by a motion non obstante veredicto, are the issues actually litigated on trial. It is not strictly necessary that they should have been appropriately pleaded in the first place; a court might amend the original pleadings so as to conform to actual proof and direct judgment accordingly. Per contra, specific grounds for liability controverted by pleadings may be, on trial, completely eliminated from the case; they may be waived expressly or impliedly by practical abandonment or by failure of proof. A general verdict must be based on the issues formulated by the charge, based necessarily upon proof and ordinarily upon the pleadings. Properly it can cover no more and should cover no less. When special verdicts also are rendered on all such issues, the general verdict, if inconsistent with them, must fail. No valid reason of logic or convenience, however, is suggested for sustaining the general verdict, because some basis of liability controverted the pleadings and eliminated on trial was not made the subject of a special finding. For example, in the case at bar the complaint alleges negligence in diagnosis. The answer denies that charge. On trial the diseased appendix, according to the defendants' brief, was actually produced. Counsel for the plaintiff on argument in this court admitted that plaintiff was mistaken in this

charge; no evidence was introduced to sustain it; it was not sub-·
mitted to the jury, but dropped completely out of the case. The
general verdict did not involve its determination. There would have
been no possible sense in submitting to the jury the special question
whether the defendant was guilty of negligence in diagnosis, when the
court must, at the same time, have charged the jury that there was no
evidence of negligence in that respect and that the jury must answer
the question in the negative. So to have done would have been to
interject into the case a futile superfluity likely to mislead.

The appellant, however, is strictly within his rights in insisting on
the rules, namely, that where a jury finds by special verdict for one
party on all issues raised by the pleadings which, having been made
the object of proof, have been submitted to the jury, and also finds a
general verdict for the other party, judgment may be rendered on
the special verdict, but that, on the contrary, where the pleadings
and proof tend to sustain liability on a number of grounds, all of which
have been properly submitted to the jury, and the jury finds a general
verdict for the party seeking recovery, that verdict will not be avoided
because, by special findings addressed to less than all such grounds
of liability, the jury has found for the party sought to be charged.
The present case, appellant insists, falls within these rules.

The merits of this appeal, accordingly, are to be determined by an
examination of the charge, in which no exception was taken, and with
respect to which no requests to charge were made. It is to be re-
marked, in passing, that charge was exceedingly favorable to plaintiff.
For example, the court charged, in connection with the question of
defendants' liability, that it was for the jury to decide, "as practical
men, from the testimony in the case, whether the operation was a
successful one or not. Was it a successful operation?" This charge
was unfair to the defendants. The success of the operation was not
the criterion of defendants' liability. A physician is no more to be
held liable for negligence if he is unsuccessful in an operation than
is a lawyer if he loses a lawsuit. The real standard is the exercise of
proper care. However, no exception was taken to the charge by either
party. The court charged that there were two, and only two, grounds
of negligence, namely: "First, in the performance of the operation
for appendicitis; * * * second, * * * in connection with the

burning of plaintiff's legs." The special verdict clearly controls as to the first of these two branches of the case. No verdict for the plaintiff could be sustained because of negligence in performing the operation, or in the subsequent care of the consequent wound. The doubt in this case arises as to the second charge of negligence. Liability for such negligence might have attached to the defendants in one of two ways, namely, first, by virtue of the relationship of the nurse to the parties; second, by virtue of what defendants themselves did or failed to do. The jury having found by its special verdict that the nurse was the servant of the plaintiff, the general verdict could not be sustained because of her relationship to the physicians. Negligence might, however, be charged to the defendants if they knew of the existence of the hot stone under the plaintiff's legs, and, notwithstanding, carelessly failed to protect the plaintiff. The jury was charged as to this subdivision of the second branch of the case.

The memorandum of the trial court states, as a reason for voiding the general verdict as to this charge of negligence, that there was no testimony entitled to any weight that any of the defendants knew of the position or degree of heat of said stone. However cogent the logic of the court may be, so far as this appeal is concerned, this memorandum adds nothing to the record on this point. No settled case nor transcript of the evidence appears in the paper book or in the return. The court's note cannot take the place of such transcript as is essential to our review of the sufficiency or insufficiency of the evidence in this regard. There is neither reason nor authority for a presumption here that there was evidence sufficient to justify the submission of the issue to the jury, but not enough to sustain a verdict thereon. On the contrary, all inferences in favor of the finding of the jury and every reasonable intendment will be implied. See Phelps v. Powers, 90 Minn. 440, 442, 97 N. W. 196; Krumdick v. Chicago & N. W. Ry. Co., 90 Minn. 260, 95 N. W. 1122. In Eklund v. Martin, 87 Minn. 441, 92 N. W. 406, Brown, J., held that "a general verdict is supported by the presumption that all the issues of facts essential to support it were found by the jury in favor of the party for whom it was returned. * * * Where the jury returns a general verdict, together with answers to specific questions or issues sub-

mitted to them by the court, such specific questions not being sufficient-
ly full and complete to authorize a judgment thereon, the general ver-
dict is presumed, there being no conflict or inconsistency between
them, to cover all facts essential to support a judgment on the special
findings."

The real basis of the inadequacy of this appeal to present for review
the correctness of the trial court's conclusion as to the insufficiency
of the evidence to sustain the general verdict on this state of record
is to be found in the use in the trial court by defendants of a motion,
which did not properly raise the questions involved.  If they had
made the statutory motion in the alternative for a new trial or for
judgment notwithstanding the verdict, on the ground, so far as this
particular branch of the case is concerned, that the general verdict
was not justified by the evidence, and if the trial court had ordered
judgment for defendants, and plaintiff had appealed from such order,
it would then have been incumbent upon the plaintiff to have brought
here all the evidence upon a full settled case.  We could then deter-
mine the propriety of the trial court's ruling upon the insufficiency of
the evidence.  Instead of so doing the defendants' motion was based
only upon the inconsistency of the verdict.  That verdict, it has been
determined, was inconsistent with certain contentions of negligence
in issue by the pleadings and proof, but not with all of them.  It fol-
lows that the trial court was in error.  In view of this conclusion, it
is unnecessary to discuss the alleged negligence of the physicians in
subsequent treatment of the burn claimed to be in the case.

The judgment is reversed and the case is remanded with permission
to the defendants to apply to the trial court for leave to make proper
motion or motions to that court for a new trial or judgment notwith-
standing the verdict, upon proper grounds, in accordance herewith.