[No. 6390.   Decided March 26, 1907.]

J. J. Crowley, *Respondent*, v. Northern Pacific Railway Company *et al.*, *Appellants.*[1]

Trial—Verdict—Special Verdict.   In an action by a trespasser for personal injuries sustained in being put off a moving freight train, a special verdict finding that the brakeman did not strike the plaintiff and knock him off the side of the car is inconsistent with a general verdict for the plaintiff, where there was no evidence of any other ground of recovery to sustain the general verdict; and it is error to deny defendant's motion for judgment.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered March 21, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a trespasser while riding upon a freight train.   Reversed.

*Edward J. Cannon*, for appellants.

*Robertson, Miller & Rosenhaupt* and *John C. Kleber*, for respondent.

Crow, J.—On the morning of July 23, 1904, the plaintiff, J. J. Crowley, and another man, being trespassers, boarded a Northern Pacific freight train at Connell, Washington, for the purpose of traveling to Ritzville or some other station towards the east without the payment of fare. Shortly after leaving Connell, William E. Haight, the front brakeman, accosted them, and after some little conversation, ordered them to leave the train as it was slowly running up grade.   The plaintiff's companion alighted without injury, but plaintiff, either while attempting to alight, or by being thrown off, fell and was seriously injured.   This action was instituted by him against the defendants, the Northern Pacific Railway Company and William E. Haight, the brake-

[1]Reported in 89 Pac. 471.

man, to recover damages. In his complaint as amended at the trial, he alleged that, while he was standing on the side ladder of a box car, the defendant Haight suddenly, without warning, and without the exercise of caution, did recklessly, carelessly, and with great force, strike him so that he was thrown from the train which was then running at a great rate of speed, and sustained the injuries of which he now complains. The plaintiff in his own behalf testified that the defendant Haight hit him upon the head with a lantern and knocked him off the car. He offered no evidence aside from his own, and there is no other showing that he fell from the train by being struck or knocked off. The jury returned a general verdict for $2,000 in his favor, and also a special verdict, answering an interrogatory propounded to them as follows: "Q. Did the brakeman by a blow from his lantern strike the plaintiff and knock him from the side of the car? Ans. No." The defendant filed a motion for judgment *non obstante veredicto,* upon the ground that, by reason of the answer contained in the special verdict, there was no evidence to sustain the general verdict. This motion was denied, and from a judgment entered upon the general verdict, the defendants have appealed.

The only contention of the appellants which we will consider is, that the trial court erred in denying their motion, in entering judgment for the respondent, and in refusing to enter judgment for the appellants. In support of this assignment of error they contend that, in view of the special verdict, there is no evidence to sustain the judgment. The respondent testified that the brakeman Haight, after first ordering him and his companion to leave the train, struck him when he was clinging to a ladder at the side of a box-car, and thus violently knocked him off. This evidence would be sufficient to sustain the general verdict had no special verdict been returned. By their answer to the special question, the jury have unmistakably shown that they did not accept or believe the above-mentioned statements of the re-

spondent. In other words, they found that his testimony that Haight knocked him off the car was untrue. This places him in the same position he would have occupied had he offered no evidence whatever in support of his contentions. Were we to eliminate his testimony as being untrue, we would then be unable, after a most careful examination of the statement of facts, to find any showing of negligence on the part of the appellants, or any facts or circumstances that would sustain the general verdict. If respondent is permitted to recover, he must do so in the face of an utter absence of evidence, or upon evidence which the jury, who are the exclusive judges of the credibility of the witnesses, have branded as false. A motion for judgment *non obstante veredicto* may be granted when there is no evidence to sustain the general verdict returned by the jury. *Roe v. Standard Furniture Co.*, 41 Wash. 546, 83 Pac. 1109.

If such a motion can be granted for the want of evidence, we fail to see why it may not also be granted when there is absolutely nothing to sustain the general verdict other than evidence which the jury, by their special verdict, have refused to credit and stigmatize as untrue. The respondent does not call our attention to any other evidence tending to show wrongful or negligent acts on the part of the appellants, still he insists that the special verdict is not inconsistent with the general verdict and that the trial court properly denied the appellants' motion. He contends that the special verdict is merely a finding evidentiary in its character, and claims the rule to be that, if under any proof that might have been made within the issues, such special finding and the general verdict can be reconciled, the appellants' motion should be denied. In support of this doctrine he cites, with many others, the following cases, mostly from the state of Indiana: *Stevens v. Logansport*, 76 Ind. 498; *Shaffer v. Ryan*, 84 Ind. 140; *Pennsylvania Co. v. Smith*, 98 Ind. 42; *Cox v. Ratcliffe*, 105 Ind. 374, 5 N. E. 5; *Shuck v. State ex rel. Cope*, 136 Ind. 63, 35 N. E. 993; *City of South Bend*

*v. Turner*, 156 Ind. 418, 60 N. E. 271, 83 Am. St. 200, 54 L. R. A. 396; *Kerr v. Keokuk Waterworks Co.*, 95 Iowa 509, 64 N. W. 596; *Terre Haute etc. R. Co. v. Voelker*, 129 Ill. 540, 22 N. E. 20.

Having cited these cases, the respondent contends that if, under the issues, there could have been proof of supposable facts, not inconsistent with those specially found, the general verdict must prevail; and that granting the respondent was not knocked from the train by being struck with a lantern, the court in passing on appellants' motion must assume that respondent was thrown off in some other way, if under the issues, proof thereof would have been admissible. In other words, if under the pleadings proof of some other violent method of removing him from the train could have been offered, the court must, in passing upon the motion, assume that such proof was offered, and do so even though the statement of facts affirmatively shows that it was neither offered nor admitted. We cannot announce any such doctrine as the law of this state. The logical result of such a rule would be that a plaintiff could allege different acts of negligence, could offer evidence in support of one only, and if the jury by special verdict found such evidence as to the one alleged act of negligence to be false, but also found a general verdict in the plaintiff's favor, a defendant would be entitled to no relief whatever because, forsooth, the plaintiff had taken the precaution to allege other acts of negligence, in support of which he offered no proof. Such a proceeding would be a travesty on justice instead of an orderly instance of its administration. The question here involved is ably discussed in the recent case of *Awde v. Cole*, 99 Minn. 357, 109 N. W. 812, in which, after referring to, and quoting from, the case of *Stevens v. Logansport*, 76 Ind. 498, cited by the respondent, the supreme court of Minnesota says:

"To such an extreme view, we are unable to give our assent. Naturally, the issues of a particular controversy, whose merits are sought to be determined by a motion *non*

*obstante veredicto,* are the issues actually litigated on trial. It is not strictly necessary that they should have been appropriately pleaded in the first place; a court might amend the original pleadings so as to conform the actual proof and direct judgment accordingly. *Per contra,* specific grounds for liability controverted by pleadings may be, on trial, completely eliminated from the case; they may be waived expressly or impliedly by practical abandonment or by failure of proof. A general verdict must be based on the issues formulated by the charge, based necessarily upon proof and ordinarily upon the pleadings. Properly it can cover no more and should cover no less. When special verdicts also are rendered on all such issues, the general verdict, if inconsistent with them, must fail. No valid reason of logic or convenience, however, is suggested for sustaining the general verdict because some basis of liability controverted in the pleadings and eliminated on trial was not made the subject of a special finding."

If the respondent was not knocked from the car by a blow of the lantern, then the proof herein is a complete blank. He has established no other fact which justifies a recovery, He made no claim that he was struck, beaten, or assaulted in any other manner; yet his counsel now contend that the general verdict must stand as the pleadings were sufficiently broad to have permitted such evidence, or evidence that the brakeman kicked him off, struck him off with a club, or threw him off by main force. Respondent offered no such evidence, nor does he now dispute the appellants' contention that there was not one particle of proof authorizing a recovery, except his statements which the jury have rejected as unworthy of credit.

The honorable trial court erred in overruling the appellants' motion for judgment *non obstante veredicto.* The judgment is reversed, and the cause remanded with instructions to sustain the motion and to enter a judgment dismissing the action.

HADLEY, C. J., DUNBAR, MOUNT, FULLERTON, and ROOT, JJ., concur.