# GEORGE E. KREATZ v. E. E. McDONALD.[1]

November 14, 1913.

Nos. 18,203, 18,458—(69, 70).

**Foreclosure of mechanic's lien — employment of defendant question for jury.**

Action to recover damages for failure to foreclose a mechanic's lien within the statutory time, brought by plaintiff, owner of the lien, against defendant, an attorney, alleged to have been employed to foreclose the same. *Held:*

(1) The evidence made the employment an issue of fact for the jury.

(2) The court erroneously instructed the jury in substance that if some minor finishing touches, made upon the building, the subject of the lien, subsequent to the filing of the lien statement, were made in completion of the original contract, the lien was invalidated.

(3) At the time of filing the lien the owner of the premises and plaintiff agreed that the amount due the latter was $3,048.65, and plaintiff then received promissory notes made by the owner and another person for $2,600. The testimony conclusively showed the insolvency of the makers of these notes, and it was error to instruct the jury that plaintiff could not recover unless he proved the insolvency of such makers since the maturity of the notes.

(4) Under the court's charge the special interrogatory submitted to the jury became material and should have been answered.

(5) Where a stay of proceedings is granted for the purpose of giving the defeated litigant the right allowed by law for correcting or reviewing the proceeding already had, such stay does not prohibit such litigant from resorting to such ancillary remedies as garnishment or attachment to secure and preserve such rights as he may have.

Action in the district court for Beltrami county to recover $3,048.65 for failure of defendant as attorney to foreclose a certain mechanic's lien. The case was tried before Wright, J., who denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial,

[1] Reported in 143 N. W. 975.

123 M.—23.

he appealed and from an order vacating garnishee proceedings "and the service thereof" upon the garnishee and defendant, plaintiff appealed. Reversed on both appeals.

*A. A. Andrews,* for appellant.

*M. J. Daly,* for respondent.

HOLT, J.

On January 4, 1908, the defendant, an attorney at law, drew a mechanic's lien for plaintiff upon certain premises in Bemidji, Minnesota, owned by Matt Thome. The lien was claimed in the sum of $3,048.65, being a balance due for the erection of a large building under a contract between plaintiff and Thome, the contract price being $23,300, and the extras $1,942.40. The lien was duly filed for record on February 26, 1908, by defendant. Plaintiff began the building on April 20, 1907. The lien so stated, and also that the last work thereon was done December 15, 1907. The lien was in proper form. After the work was begun, and prior to its completion, Thome placed two mortgages on the premises, the first for $20,000 and a second for $5,000. The first mortgage was foreclosed and the time for redemption expired December 28, 1908. No redemption was made. Plaintiff claims that he employed defendant to foreclose the lien. That defendant neglected to commence the foreclosure within the time provided by law, or at all. And that when plaintiff ascertained that no action had been begun, it was too late. Thome is insolvent. This action is to recover as damages the amount of the lien which plaintiff alleges was wholly lost because of defendant's failure and neglect to foreclose the same as he had agreed to do. The defense was practically a general denial. The trial resulted in a verdict for defendant. A motion in the alternative for judgment or a new trial was denied and plaintiff appeals.

On December 5, 1912, a garnishee proceeding ancillary to the main action was instituted wherein Beltrami county was made garnishee. On motion of defendant the proceedings were vacated and set aside by an order of the court filed February 4, 1913. Plaintiff appeals also from such order.

We shall dispose of both appeals in this opinion. In the main

action plaintiff assigns as error: That the verdict was not justified by the evidence; that the court gave wrong instructions to the jury bearing upon the validity of the mechanic's lien and as to the insolvency of the makers of notes received by plaintiff at the time he and the owner agreed upon the amount due; and that the jury failed to answer a special finding submitted for determination.

Whether or not plaintiff employed defendant to foreclose the lien was no doubt a question for the jury. It cannot be said that the verdict is so manifestly against the evidence that this court may interfere with the result reached in the trial court, unless the charge of the court in matters complained of, or the failure of the jury to determine the special finding submitted constitutes prejudicial error.

The charge of the court is assailed wherein the jury were told, in substance, that unless plaintiff proved that the work done in the spring of 1908 was under a new contract the lien was invalid. We deem this instruction erroneous under the facts disclosed by the record. The lien was for a balance due upon a large contract together with considerable extras. On the day defendant drew the lien, or a few days prior, plaintiff and Thome had agreed upon the amount due, being the sum stated in the lien. This was in the wintertime. The building was practically completed and ready for occupancy. Thome had taken full possession. As is well known, in the erection of a building of any magnitude some little finishing touches or adjustments remain to be done after it is so far completed that it is occupied and used. In this instance there were, on January 4, 1908, a few of these little things to be fixed up, some of which could not very well be done at that time of the year, such as washing part of an outside wall, some pointing on the foundation, patching of the plastering, a little painting on a cornice and the like. The value of all is estimated at less than $40. After agreeing upon the amount due, Thome and one Mayer executed and delivered their five promissory notes to plaintiff in the aggregate amount of $2,600, and it was agreed that Thome was not to be called upon to pay the balance until the odds and ends mentioned were completed. This was done the following April or May. The unfinished work was so trivial compared with the entire job that it cannot have any bearing on the

validity of plaintiff's lien. Thome, the owner of the property, adjusted the amount due with plaintiff on or prior to the date the lien was prepared, occupied the building, assented to the finishing touches being put on in the spring, and this was done. Under these conditions no court would entertain a defense from Thome that the lien was prematurely filed. Nor could the mortgagee assert any such defense on this evidence. There is not anything tending to show bad faith on the part of the lien claimant, and the utmost the mortgagee could have hoped to do, if an action to foreclose the lien had been brought in time, would have been to reduce the claim by the value of the work done subsequent to the date stated in the lien as the last item of work. Under no view of this record could the mortgagee have succeeded in invalidating the whole lien, or have its rights declared superior thereto.

Moreover, defendant, who had acted for plaintiff in the disputes which arose between him and Thome in the construction of the building and particularly in respect to the item which made up the largest portion of the extras, was familiar with the situation, knew of the agreement of the parties, and drew the notes mentioned, is hardly in a position to successfully attack plaintiff's lien on the ground that it was prematurely asserted or for any other technicality. Plaintiff would rather have a right to expect that when he intrusted the preparation of the lien to defendant, who was so well acquainted with the situation, no such loop hole as is now sought to defeat the lien would have been left open. But, be that as it may, we are satisfied that the evidence did not present a defense on the ground that plaintiff's lien as made out and filed was unenforceable in any amount, because the work was not completed at the time the lien statement was signed, or at the time stated in the lien. Its validity did not depend upon the existence of a separate contract for the significant work done in the spring of 1908. It was error to submit any issue in that respect to the jury.

The court instructed the jury that it was incumbent on plaintiff to prove the insolvency of Mr. Mayer and Mr. Thome from the time the notes were due, and error is assigned thereon. The evidence was conclusive that the notes were worthless, that ever since their

maturity, and since the expiration of the time of redemption from the foreclosure of the $20,000 mortgage, the makers thereof had been insolvent. They both so testified, and there was not the slighetst proof to indicate the contrary. No issue was presented by the testimony tending to show a defense because plaintiff might have saved himself from loss by recourse to the makers of these notes.

At the request of defendant, and over the objection of plaintiff, the court submitted this question to the jury for a special finding: "Was the labor done or material furnished, on the building herein involved, in April or May, 1908, done and furnished under an entirely new and separate contract from the original contract, or one entered into about September 1, 1907?" The jury returned a general verdict for the defendant, without answering this special question submitted. In view of the court's charge to the effect that, if the work done in the spring of 1908 was under the original contract, the lien was invalid and no damages could be sustained by a failure to foreclose it, the decisive importance of an answer to the interrogatory is obvious. The rule is well settled in this state that, when a special finding submitted to a jury is material, it can neither be withdrawn by the court without consent of both parties nor be ignored by the jury. Nichols, Shepard & Co. v. Wadsworth, 40 Minn. 547, 42 N. W. 541; Eischen v. Chicago, M. & St. P. Ry. Co. 81 Minn. 59, 83 N. W. 490; Brown v. Douglas Lumber Co. 113 Minn. 67, 129 N. W. 161. It may be claimed, however, and with some force that, assuming that the jury had made a finding favorable to plaintiff, it would not necessarily be inconsistent with the general verdict, for every presumption must be made in favor of its correctness and if, in any view of the issues, the special finding may be reconciled with the general verdict the latter will stand. Krumdick v. Chicago & N. W. Ry. Co. 90 Minn. 260, 95 N. W. 1122. But we have no way of determining whether the jury rendered a general verdict for defendant on the ground that no employment to foreclose the lien was proven, or because it was void, or because plaintiff failed to prove that Thome and Mayer had been insolvent since the maturity of the promissory notes given by them to plaintiff.

However, it is insisted that the errors pointed out were not prejudicial because the jury found that defendant was never employed to foreclose the lien. It is claimed that the court told the jury that that question should be first determined, and if found adversely to plaintiff no other issues need be considered, and that this was virtually instructing that in such an event the special finding was not to be made. Also, it is contended that the fact that the jury left the special finding unanswered is proof positive of a finding that defendant was never employed to foreclose plaintiff's lien. The argument is plausible, but not convincing. At no place in the charge, not even upon the suggestion of counsel for defendant, did the court in any specific language tell the jury that the special question submitted was not to be answered, if they came to the conclusion that defendant had not been engaged to foreclose the lien. On the contrary the last words to the jury were these: "Gentlemen of the Jury, you may find a general verdict and also find an answer to this special question. Swear an officer." The court submitted three definite issues upon any one of which, according to the instructions, the jury were permitted to find against plaintiff and such finding would result in a general verdict for defendant. As to two of the issues, so made by the court, there was no ground for either court or jury holding against plaintiff. It is but a mere conjecture that the verdict was based on the third. The errors pointed out must therefore be held prejudicial, and a new trial must be had.

The verdict in the main action was rendered in March, 1912. Subsequent thereto, for the purpose of settling a case and moving for a new trial, stay of proceedings were had from time to time either upon stipulation between the attorneys or upon order of the court upon plaintiff's application. The last stay was by an order dated November 3, 1912, which reads:

"Upon the annexed and foregoing stipulation it is ordered that all proceedings in the above entitled action, except those necessary in settling a case or making a motion for a new trial, are hereby stayed until the final determination of such motion, if one be made, and until twenty (20) days after notice of the making of such order. It is further ordered that such motion shall be made and presented to the court on or before the 30th day of January, 1913."

On the fifth of December, 1912, plaintiff began garnishee pro-
ceedings, naming the county of Beltrami as garnishee of this de-
fendant. The garnishee summons was duly served. Defendant ob-
tained an order requiring plaintiff to show cause why the proceedings
should not be dismissed, and after a hearing the court "orders that
the garnishee proceedings instituted by the plaintiff herein on the
5th day of December, 1912, and service thereof upon the county of
Beltrami and upon the defendant herein be, and the same, are va-
cated and set aside." From this order plaintiff appeals.

The primary purpose of a stay of proceedings is to tie the hands
of the prevailing litigant so as to enable the one defeated to take
the steps which the law gives to review and correct any errors
which may have contributed to his defeat. It was never intended
that, as a condition to obtaining such stay, he must surrender all
rights to pursue the ancillary remedies given by statute to make his
claim effective, if any he has. If such were the law it can be readily
perceived how a successful appeal might often become entirely un-
productive. Suppose in this case plaintiff had obtained a verdict for
the amount claimed and defendant had secured a stay either by order
or consent, and after obtaining such stay he should have set about
converting his property into cash preparatory to leaving the state.
Could it for a moment be contended that because of the stay plain-
tiff would be precluded from the ancillary remedies of attachment
or garnishment? We think not. No more should plaintiff at this
time be denied these remedies because he has been unable, so far,
to establish his claim for the reason, perhaps, that he has not had a
fair trial. A stipulated or ordered stay is not in the same category
with a stay procured by a supersedeas bond which is intended to
secure fully all the rights of the litigant to whom it runs. Of course
we do not intend to intimate that the court in granting a stay may
not impose such conditions on the party applying therefor as may be
just and proper. To abstain from the use of the garnishee process
was not a condition upon which a stay was ordered in the main
action. It was error to dismiss the garnishee proceeding.

Both orders appealed from are reversed and a new trial is granted
in the main action.