## CATHERINE JOYCE v. MASSACHUSETTS REAL ESTATE COMPANY AND OTHERS.[1]

January 6, 1928.

No. 26,305.

**Release of one joint tortfeasor—covenant not to sue.**

1. A release and discharge of one joint tortfeasor operates as a release and discharge of all; but a covenant not to sue one joint tortfeasor leaves the right to sue the others unimpaired.

**Plaintiff not prevented by her covenant from maintaining action against others.**

2. The instrument executed by plaintiff is a covenant not to sue; and the fact that she executed it and dismissed the action as against the covenantee does not preclude her from continuing the action against the other defendants.

**Reservation in covenant of right to sue unnecessary.**

3. It is not necessary to insert a provision in such a covenant reserving the right to sue others.

[1]Reported in 217 N. W. 337.

**Questions of negligence for jury.**

    4. The evidence made the question of negligence and contributory negligence questions for the jury.

    Release, 34 Cyc. p. 1043 n. 2; p. 1086 n. 99; p. 1090 n. 17.

Action in the district court for St. Louis county to recover damages for an injury sustained. Before trial the plaintiff dismissed the action as to the defendant real estate company. A verdict was directed for the defendants Stromquist & Moyer, and plaintiff appealed from an order, Grannis, J. denying her motion for a new trial. Reversed.

*Theo. Hollister* and *Thos. J. Joyce,* for appellant.

*G. A. E. Finlayson,* for respondents.

TAYLOR, C.

Defendant real estate company was the owner of an apartment building in the city of Duluth and rented an apartment therein to Thomas J. Joyce who occupied it with his mother, the plaintiff. The real estate company employed defendants Stromquist & Moyer to revarnish the floors. To remove the old varnish they applied a substance which rendered the floor exceedingly slippery. On the morning of the accident they began work in one of the bedrooms and spread some of this substance over a space about 18 inches in width across the doorway leading into this room. Without knowing the character of this substance or that it had been applied to the floor, plaintiff started to enter the room to remove some articles from a closet. As she stepped through the door she slipped upon this substance and fell breaking her right leg at or near the hip joint. She brought this action for damages. Before the trial she dismissed the action as against the real estate company. Shortly thereafter she executed to the real estate company, for a consideration of $400, an instrument, designated as exhibit No. 2, entitled "Covenant Not to Sue," in which she

"does covenant and agree that she will never at any future time commence, prosecute or cause or permit to be prosecuted any action

at law or in equity, or any proceeding of any description, whatever, in any court, against said Massachusetts Real Estate Company, a corporation, to charge it with any liability for, or to recover any compensation for, or damages sustained by the undersigned as a result of, the injuries received or which she claims to have received as the result of her accidental fall hereinabove described, and that said Massachusetts Real Estate Company, a corporation, shall henceforth and forever be relieved and protected by this covenant from any such action or proceeding, by any person or persons whatsoever."

Thereafter defendants Stromquist & Moyer interposed a supplemental answer in which they asserted that plaintiff had released and discharged the real estate company from all liability. At the close of the evidence the court directed a verdict for defendants Stromquist & Moyer on the ground that the instrument executed by plaintiff constituted a satisfaction and discharge of the cause of action. Plaintiff appealed from an order denying a new trial.

Plaintiff contends that exhibit No. 2 is merely a covenant not to sue and does not release or discharge the other defendants.

[1] Where a person having a cause of action against two or more joint tortfeasors releases and discharges one of such tortfeasors, it is settled law that he thereby releases and discharges all of them, as he had but a single cause of action and can have only one satisfaction thereof. Hartigan v. Dickson, 81 Minn. 284, 83 N. W. 1091; Almquist v. Wilcox, 115 Minn. 37, 131 N. W. 796; Davis v. Moses, 172 Minn. 171, 215 N. W. 225. But a covenant not to sue one or more of such joint tortfeasors does not impair or affect the right to sue the others. Davis v. Moses, 172 Minn. 171, 215 N. W. 225; Musolf v. Duluth Edison Elec. Co. 108 Minn. 369, 122 N. W. 499, 24 L.R.A. (N.S.) 451; Matheson v. O'Kane, 211 Mass. 91, 97 N. E. 638, 39 L.R.A. (N.S.) 475, Ann. Cas. 1913B, 267; and cases collected in annotations in Ann. Cas. 1913B, 270, et seq. and Ann. Cas. 1918D, 279, et seq. It is sometimes difficult to determine whether a particular instrument was intended as a release and discharge or as a covenant not to sue, but where by its terms it

applies to only a part of the joint tortfeasors it is not construed as a release and discharge unless such is the plain import of the language used. Some courts even go to the extent of holding that an instrument which expressly releases and discharges some of the joint tortfeasors from all liability, but reserves or purports to reserve a right of action against the others, should be given effect as in substance a covenant not to sue and as not intended to be a satisfaction and discharge of the cause of action. As illustrative of this doctrine see Dwy v. Connecticut Co. 89 Conn. 74, 92 A. 883, L. R. A. 1915E, 800, Ann. Cas. 1918D, 270.

[2] Exhibit No. 2 is clearly a covenant not to sue under all the authorities; and the oral testimony is to the effect that the parties intended it as a covenant not to sue and not as a discharge of the cause of action. The trial court remarked that the real estate company had been made a party defendant in the action; that the action had been dismissed as to that company; that the dismissal and the execution of exhibit No. 2 were parts of the same transaction; and that exhibit No. 2 contained no reservation of a right of action against the other tortfeasors, and apparently concluded from these facts that exhibit No. 2 constituted a settlement and satisfaction of the cause of action. We are unable to concur in this view. Plaintiff claimed, and adduced evidence tending to show, that the execution of exhibit No. 2 was subsequent to and entirely independent of the dismissal of the action as against the real estate company. But whether they were separate transactions or parts of the same transaction is immaterial, for the fact that plaintiff made an agreement pursuant to which she executed a covenant not to sue and dismissed a pending action as against the covenantee would not affect her right to continue the action against the other tortfeasors. That was the situation presented in Matheson v. O'Kane, 211 Mass. 91, 97 N. E. 638, 39 L.R.A.(N.S.) 475, Ann. Cas. 1913B, 267, and in other cases cited in the annotations mentioned.

[3] As a covenant not to sue does not affect or impair the right to sue other joint tortfeasors, a reservation of that right in the covenant is unnecessary. But such a reservation may be of importance in determining the intention of the parties, where the

other language of the instrument leaves doubt as to whether they intended a settlement and satisfaction of the claim or merely a covenant not to sue.

[4] Defendants Stromquist & Moyer further contend that the evidence fails to show any actionable negligence on their part, but does show contributory negligence on plaintiff's part, and therefore that the action of the court in directing a verdict was correct even if exhibit No. 2 is merely a covenant not to sue.

We think that under the evidence both of these questions were for the jury.

Order reversed.