Parker, C. J.,
delivered the opinion of the Court.
This being a joint action against two persons, and one of them naving suffered a default, there can be no doubt that the other may plead alone, any thing, which may be proper to bar the action. In this case, the defendant Abner P. pleads a certain agreement, the purport and effect of which is, that upon payment of a less sum than was due, from the other defendant upon the note, which they had jointly and severally made to the plaintiff, he was to be discharged from any further claim or demand upon the note; and he avers payment of this smaller sum, in pursuance of the said agreement.
The agreement, thus offered by the plea to be proved, is in direct contradiction to the promise contained in the note; [ * 628 ] and whether in writing or merely verbal, we think * cannot be set up against the note in this action. It amounts, at most, to a promise not to sue ; and so may be likened to a covenant for the like purpose; the law respecting which is, that if the covenantee be a sole debtor, he may plead a general covenant not to sue, as a release in bar of any action ; but if he be one of two or more debtors, such covenant cannot be pleaded in bar; but if he should be sued, contrary to the terms of it, he must pursue his remedy by action upon the covenant (22).
There seems to be no distinction made between a joint and a joint and several contract, in either of the cases referred to; it being held that, wherever there is more than one debtor in the contract, a covenant not to sue one of them cannot be pleaded in discharge. ' f he were sued alone, perhaps the law would be different; he being then, by the choice of the creditor, to be considered in that action a sole debtor.
In the present case, the rejection of the plea seems to be necessary, conformably to the authorities; and indeed there seems to be nothing inequitable in this result; for it does not appear by the plea, that there has yet been any violation of the promise therein set forth. There is no promise by the plaintiff, that he will not sue the defendant; but that he shall not be held to pay more than should be found due from him to his co-defendant. We do not know that the plaintiff will call on the defendant for more. He will have a joint judgment and a joint execution ; and may cause the same to be satisfied from the effects of the other defendant altogether. If he should compel Abner P. to pay, contrary to any valid agreement existing between them, he will be answerable in an action.
*509 Whether the agreement described in the plea was in writing or not does not appear; if not, certainly it ought not to avail against the written contract, which is in clear, unambiguous terms. But if in writing, as by the plea we may take it to be, it being inconsistent with the express terms of the contract, and relating to one only ol the * promisors in the note, it ought not [ * 629 ] to defeat the action against the other; as it will do, if it should be held a good bar.
In Dow vs. Tuttle, cited in the argument, the principle involved in these pleadings is directly settled; and we see no cause to shake the authority of that case.

Plea in bar adjudged bad

 1 L. Raym. 688.—8 1. fy E. 168.—2 Johns. Í48