JOSEPHINE K. MATHESON vs. JOSEPH O'KANE.

Suffolk.    January 16, 1912. — February 27, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Joint Tortfeasors. Covenant, Not to sue. Release. Accord and Satisfaction. Practice, Civil, Discontinuance.*

In an action of tort against three joint tortfeasors, covenants not to sue given by the plaintiff to two of the defendants do not release the third defendant from liability.

In an action of tort for personal injuries against three defendants sued as joint tortfeasors, where it appears that covenants not to sue have been given by the plaintiff to two of the defendants upon the receipt of certain sums of money from them, the question whether the plaintiff accepted the money so paid in full satisfaction of all injuries caused by the accident is one of fact for the jury on the evidence presented.

In an action of tort against three alleged joint tortfeasors, the plaintiff's discontinuance of the action as against two of them does not affect the liability of the third.

TORT, originally against Frank T. Horgan, Edward B. Townsend, trustee, and Joseph O'Kane, jointly, for personal injuries sustained by the plaintiff on February 2, 1909, from a fall caused by an accumulation of ice on the sidewalk of East Canton Street in Boston, the declaration alleging that the defendants were severally the owners of the houses, numbered 7, 9, and 11 on East Canton Street, and that the accumulation of ice on which the plaintiff fell was due to the freezing of water overflowing from the gutter maintained along the eaves of the three houses and the conductor leading therefrom, by reason of the negligence of the defendants in failing to keep such gutter and conductor in repair. The declaration also alleged that due notice of the time, place and cause of the injury was given to each of the defendants. Writ dated February 13, 1909.

Each of the defendants filed an answer consisting of a general denial.

Later the plaintiff filed discontinuances against the defendants Horgan and Townsend, trustee. The defendant O'Kane before the trial filed an amended answer alleging that since the commence-

ment of the action the plaintiff had accepted and received from the defendants Townsend and Horgan certain sums of money and other valuable things in full accord and satisfaction for her injury and cause of action and had discontinued her action against them, and that such acceptance in accord and satisfaction was a bar to the action against the defendant O'Kane, also, that the plaintiff had given to the defendants Townsend and Horgan releases from all liability on account of the plaintiff's injury and cause of action, which were a bar to the action against the defendant O'Kane.

In the Superior Court the case was tried before *Brown,* J., against the defendant O'Kane alone. There was evidence of the happening of the accident as alleged in the declaration. It appeared that the plaintiff had received from certain insurance companies in which the defendants Horgan and Townsend, trustee, were insured against such accidents, respectively the sums of $300 and $200 and thereupon gave to the insurance companies as representing the defendants Horgan and Townsend, trustee, instruments under seal, executed by her, which were exactly similar in form except in the respective names of those defendants, the amounts of the consideration, and the dates of execution, the instrument given by the plaintiff to the insurance company representing the defendant Townsend, trustee, being as follows: "Know all men by these presents that I, Josephine K. Matheson of Boston in the County of Suffolk and Commonwealth of Massachusetts, in consideration of the sum of Two Hundred ($200) Dollars and other valuable considerations, to me duly paid, do hereby covenant with Edward B. Townsend, Trustee, that I will never sue or attach the said Townsend, Trustee, or his estate, for or on account of a certain claim for damages described in the plaintiff's declaration in a certain action brought by her against the said Townsend, Trustee, and others, in the Superior Court, for the County of Suffolk, which action is numbered 51303, and that these presents may be pleaded as a defence to any action or other proceeding which may be brought, instituted or taken by me against the said Townsend, Trustee, or his estate, in breach of this covenant. In witness whereof I have hereunto set my hand and seal this twenty-fifth day of August, A. D. 1909." At the time she gave this instrument and received the sum of $200 the plaintiff discontinued the action as against the defendant Townsend, trustee, and, on

giving the similar instrument running to the defendant Horgan and receiving the sum of $300, she also discontinued the action as against that defendant.

At the close of all the evidence the defendant O'Kane moved that the jury be instructed to return a verdict for the defendant on the ground that the giving of the papers to the defendants Horgan and Townsend, trustee, and the receipt of the money constituted a bar to any recovery against the defendant O'Kane.

The judge ruled that, as the plaintiff's claim was unliquidated, the taking of money and the giving of the papers under seal to the defendants Horgan and Townsend, trustee, was a bar to any recovery against the defendant O'Kane. He ordered the jury to return a verdict for the defendant, and by request of the parties reported the case for determination by this court. If his ruling was correct, judgment was to be entered for the defendant. If his ruling was not correct, the case was to be remanded for a new trial.

*H. L. Boutwell,* (*W. H. Hastings* with him,) for the plaintiff.

*D. E. Hall,* (*C. F. Dolan* with him,) for the defendant O'Kane.

DeCOURCY, J. The judge of the Superior Court ruled that as the plaintiff's claim was unliquidated the taking of money and the giving of the papers under seal to the defendants Horgan and Townsend, trustee, was a bar to any recovery against the defendant O'Kane. The correctness of this ruling is now presented for our determination.

The long established doctrine, that a release of one of several joint tortfeasors operates to discharge all, is not applicable here because no release was given by the plaintiff. Bac. Abr. Release (B). *Brown* v. *Cambridge,* 3 Allen, 474. *Aldrich* v. *Parnell,* 147 Mass. 409.˙ It is equally true that a satisfaction from one discharges all, as the plaintiff has only a single cause of action and is entitled to but one satisfaction in damages. *Cocke* v. *Jennor,* Hob. 66. *Brewer* v. *Casey,* 196 Mass. 384. The point argued by the defendant, however, that the plaintiff accepted the money from the other defendants in full satisfaction for her injuries and thereby discharged her cause of action, does not seem to be raised by the report. The ruling made does not refer to such alleged accord and satisfaction. And when the plaintiff attempted to show that there was no intention to release her claim, the judge excluded the evidence, not on account of the form of the question

objected to, but on the broad ground that "the paper speaks for itself." Even if we assume that this contention is fairly open to the defendant, the question whether the plaintiff accepted the money from the other defendants in full satisfaction of all injuries caused by the accident was one of fact for the jury on the evidence.

The main question in this case is whether the covenants not to sue, given by the plaintiff to two of the three joint tortfeasors, operate as a defense in favor of the defendant O'Kane, who was not a party to the covenants and contributed no part of the consideration therefor. The point in dispute never has been decided in this Commonwealth.

The rule of law that a release which discharges the liability of one joint tortfeasor releases the others seems to be based upon the nature of their liability, which is one and indivisible and is necessarily destroyed by the discharge of one. In like manner after satisfaction, although it moved from only one of the wrongdoers, no foundation remains for an action against any one. 11 Ann. Cas. 397, note. 25 Harvard Law Rev. 203.

This basis for the rule does not exist in the case of a covenant not to sue one of several jointly liable. Here the liability is not discharged, and the plaintiff's right of action is retained against all the wrongdoers. For a breach of his covenant not to sue he becomes liable for the damages suffered by the one to whom the covenant was given. It is true that a covenant not to sue an individual debtor may be pleaded in bar to the original cause of action. But this exception was early established in order to avoid circuity of action, as otherwise the court would be burdened with cross actions for the same damages, one on the original liability and the other on the covenant not to sue. *Hodges* v. *Smith,* Cro. Eliz. 623. *Lacy* v. *Kynaston,* 12 Mod. 548. *Foster* v. *Purdy,* 5 Met. 442.

The great weight of authority supports the doctrine that a covenant not to sue one of several joint tortfeasors does not operate as a release of the others from liability. *Texarkana Telephone Co.* v. *Pemberton,* 86 Ark. 329. *Chicago* v. *Babcock,* 143 Ill. 358. *Chicago & Alton Railway* v. *Averill,* 224 Ill. 516. *Drinkwater* v. *Jordan,* 46 Maine, 432. *Musolf* v. *Duluth Edison Electric Co.* 108 Minn. 369. *Arnett* v. *Missouri Pacific Railway,* 64 Mo. App. 368. *Snow* v. *Chandler,* 10 N. H. 92. *Line & Nelson* v. *Nelson & Smalley,*

9 Vroom, 358. *Irvine* v. *Milbank,* 56 N. Y. 635; 15 Abb. Pr. (N. S.) 378. *Robertson* v. *Trammell,* 98 Texas, 364. *Bloss* v. *Plymale,* 3 W. Va. 393. *Ellis* v. *Esson,* 50 Wis. 138. This distinction between a release and a covenant not to sue has long been recognized in this Commonwealth in actions of contract. *Shed* v. *Pierce,* 17 Mass. 622. *Draper* v. *Weld,* 13 Gray, 580, 585. *Kenworthy* v. *Sawyer,* 125 Mass. 28. Generally speaking, it would seem that in this respect the same principle should apply alike to actions *ex contractu* and those *ex delicto,* and some of the courts have expressly so held. *Duck* v. *Mayeu,* [1892] 2 Q. B. 511. *Snow* v. *Chandler,* 10 N. H. 92.

The confusion and apparent conflict of authorities has not arisen in cases like that at bar, where the agreement given to one of the joint wrongdoers is clearly an agreement not to sue and nothing more. The distinction between the legal effect of a release and of a covenant not to sue is generally recognized. The controversy concerns rather the construction of a particular writing as a release or as a covenant not to sue, and the means whereby the two are to be distinguished. Where it is apparent from the paper that the intention was to discharge the liability of one of the joint wrongdoers, the courts quite generally hold that the original joint and indivisible liability is thereby extinguished, and that any clause by which parties seek to reserve a right of action against the other wrongdoers is repugnant to the release and void. *Ducey* v. *Patterson,* 11 Ann. Cas. 393, note. *Gunther* v. *Lee,* 45 Md. 60. *McBride* v. *Scott,* 132 Mich. 176. *Seither* v. *Philadelphia Traction Co.* 125 Penn. St. 397. *Abb* v. *Northern Pacific Railway,* 28 Wash. 428. But where it is evident that the consideration paid to the plaintiff was not intended to be full compensation for his injuries, and the agreement signed by him although in form a release was clearly intended to preserve the liability of those who were not parties to it, many of the courts have sought to give effect to that intention by construing the agreement as in legal effect a covenant not to sue and not a technical release. As stated by A. L. Smith, L. J., in *Duck* v. *Mayeu,* [1892] 2 Q. B. 511, 514: "A rule of construction for such a document was laid down by the Court of Queen's Bench in *Price* v. *Barker* (4 El. & Bl. 760, at p. 777), where it was held that, in determining whether the document be a release or a covenant not to sue, the intention of the parties was to be carried out,

and, if it were clear that the right against a joint debtor was intended to be preserved, inasmuch as such right would not be preserved if the document were held to be a release, the proper construction, where this was sought to be done, was that it was a covenant not to sue, and not a release." And see *Edens* v. *Fletcher*, 79 Kans. 139; *McAllester* v. *Sprague*, 34 Maine, 296; *Gilbert* v. *Finch*, 173 N. Y. 455; *Bloss* v. *Plymale*, 3 W. Va. 393; *Ellis* v. *Esson*, 50 Wis. 138; *Carey* v. *Bilby*, 129 Fed. Rep. 203. The lack of harmony in the cases is partly due also to distinctions sometimes drawn between the effect of a release under seal and one not under seal; and between settlements made where the damages are certain or subject to computation, and where they are uncertain and a mere matter of opinion. But we are not concerned with this controversy in the present case, as the writings given by this plaintiff were admittedly nothing more than agreements not to sue.

The discontinuance of the action against the other defendants in itself does not affect the liability of the defendant O'Kane. The plaintiff at her election might have sued one or two or all of the tortfeasors. The discontinuance simply placed Horgan and Townsend in the same position they occupied before the litigation began. *Sloan* v. *Herrick*, 49 Vt. 327. *Bloss* v. *Plymale*, 3 W. Va. 393; 58 L. R. A. 303, cases collected in note.

We are of opinion that the covenants not to sue given in this case do not constitute a bar to the plaintiff's claim against the defendant O'Kane, and that the issue of accord and satisfaction was one of fact for the jury. Accordingly the judge was not warranted in directing a verdict for the defendant as matter of law. We deem it unnecessary to consider the question of evidence raised, as it is not likely to arise at another trial.

*New trial ordered.*