## NATRONA POWER COMPANY vs. CLARK
### (No. 1088, May 6th, 1924; 225 Pac. 586.)

JUDGMENT—TORTS—RELEASE—CONTRACTS—DISCHARGE OF ONE JOINT TORT-FEASOR—PLEADINGS—SEALS—EVIDENCE—ISSUE OF MISTAKE.

1. One injured by joint wrong of two parties may recover from one or both, but there can be only one satisfaction.
2. Release of one joint tort-feasor discharges both; but covenant not to sue one will not discharge the other.
3. Whether release of one wrongdoer reserves right to pursue another for the same wrong depends on intention of the parties, which must be gathered from the whole instrument, including words of release and the words reserving right to sue others.
4. If writing can operate in two ways, one consistent with intent and the other repugnant to it, construction best calculated to carry out intent will be given.
5. Writing expressing intent to release one joint tort-feasor and also to reserve right to sue others may be construed as an agreement not to sue and a discharge of others only pro tanto.
6. In railroad employe's action against power company for injuries from contact with electric wires maintained across the railroad tracks, where power company pleaded that plaintiff had received from railroad company full payment for all damages sustained, and executed release therefor, allegations in reply that the writing was not in

full payment and satisfaction, and was a release of rail-
road company only, were denials of legal effect, and
raised no issue of fact.

7.  Under Comp. St. 1920, §§ 4597-4599, presence of an unne-
cessary private seal on writing does not entitle its
recitals to any effect that they would not have had with-
out it.

8.  Where railroad employe injured by contact with electric
wires maintained by power company across railroad tracks
on payment of a named sum released railroad company
from any claims against it by reason of the accident, in
absence of fraud or mistake, intentions of the parties
must be gathered from written release, not reserving any
causes of action plaintiff might have had against other
persons.

9.  Where reply admitted execution of receipt and release to
one joint tort-feasor, but denied that it was in full pay-
ment of plaintiff's damages, and alleged that it was a
release only of railroad company, and not of defendant,
and was so understood and agreed at time of execution,
but did not allege facts to show that a stipulation reserv-
ing the right to sue others was omitted from the writing
as the result of mutual mistake of fact or mutual misun-
derstanding of the legal effect of what was written, it
raised no issue of mistake, and was therefore demurrable.

ERROR to District Court, Natrona County; CYRUS O.
BROWN, Judge.

Action by Guy Clark against the Natrona Power Com-
pany, for damages for injuries caused by contact with an
electric wire maintained by defendant. There was a judg-
ment for plaintiff and defendant brings error.

H. R. Waldo and Hagens & Murane for plaintiff in error.

The release of the Railroad Company extinguished the
cause of action and discharged all others from liability,
1 Cooley on Torts, 3rd ed. 234; 6 Thompson on Neg. 2nd.
ed. Sec. 7381; Stires v. Sherwood, (Ore.) 145 Pac. 645,
647; Co. v. N. A. T. & T. Co., (C. C. A. 9th Cir.) 220 Fed.
783; Co. v. Hilligoss, (Ind.) 86 N. E. 485; Carpenter v. Co.,
(N. H.) 97 Atl. 560; Seither v. Co., (Pa.) 17 Atl. 338; Hub-
bard v. Co. (Mo.) 72 S. W. 1073; the execution of said

release is admitted and the case should have been dismissed on the demurrer to the reply, Berry's Stephen's Digest of Evi. Art. 90; 4 Wigmore on Evi. Secs. 2425, 2432 & 2446; 3 Jones Evi. Sec. 434; 1 Elliott Evi. Secs. 568 and 572; 5 Chamberlayne Evi. Secs. 3548 & 3550; Bradner Evi. Chap. 9; Reynolds v. Morton, 23 Wyo. 528; Allen v. Ruland (Conn.) 65 Atl. 138; Goss v. Ellison, 136 Mass. 503; Leddy v. Barney (Mass.) 2 N. E. 107; Co. v. Sullivan, (Colo.) 41 Pac. 502; Wodock v. Robinson (Pa.) 24 Atl. 73; Sayre v. Burdick (Minn.) 50 N. W. 245; Current v. Muir, (Minn.) 108 N. W. 870; Schultz v. Plankinton Bk. (Ill.) 30 N. E. 346; Schneider v. Kirkpatrick, 80 Mo. App. 145; Silchow v. Stymets, 26 Hun. 145; Hankinson v. Riker, 30 N. Y. Supp. 1040; Springarn v. Rosenfeld, 24 N. Y. Supp. 733; Clark v. Mallory, (Ill.) 56 N. E. 1099; Demple v. Carroll, 21 Wyo. 447; an express reservation on the face of the release would be ineffective to change its legal effect as a discharge of all parties liable, Abb v. Co., (Wash.) 68 Pac. 954; Larson v. Anderson (Wash.) 182 Pac. 957; Ducey v. Patterson, (Colo.) 86 Pac. 109; Flynn v. Manson, (Cal.) 126 Pac. 181; Co. v. Allen, 67 Fla. 257, 65 So. 8; McBride v. Scott, (Mich.) 93 N. W. 243; Dulaney v. Buffum, (Mo.) 73 S. W. 125; Clark v. Co., 279 Mo. 69, 213 S. W. 851; Bank v. Aldrich, (Ia.) 133 N. W. 383; Smith v. Co., 128 Tenn. 112, 157 S. W. 900; Howard v. Co., (N. C.) 70 S. E. 285; Gunther v. Lee (Md.) 24 Am. Rep. 504; if there was negligence in the maintenance of dangerous wires near the railroad track, the Railroad Company was equally liable, Ry. Co. v. Allen, supra; evidence of contemporaneous statements or reservations outside the written release was incompetent, Reynolds v. Morton supra; 1 Greenleaf 13th ed. 275; Allen v. Ruland supra; Goss v. Ellison supra; Leddy v. Barney supra; Ry. Co. v. Sullivan supra; Wodock v. Robertson supra; Sayre v. Burdick supra; Current v. Muir supra; it was an attempt by a party to the document to vary it as against a stranger, Schultz v. Plankinton, 30 N. E. 346; Schneider v. Kirk-

patrick supra; Silchow v. Stymets supra; Hankinson v. Riker, supra; Clark v. Mallory supra; a reservation on the face of the release itself of a right to prosecute joint tort-feasor is an absolute release of all parties liable. However, no reservation of the kind was inserted in the present instance, Abb v. Ry. Co., (Wash.) 68 Pac. 954; Larson v. Anderson supra; McBride v. Scott supra; Ducey v. Patterson, supra; Flynn v. Manson supra; Ry. Co. v. Allen supra; how much stronger is the situation here, the release being absolute on its face.

*Ferguson* and *Perkins* for defendant in error.

The parties to the release had a right to reduce their entire agreement to writing by use of two instruments with the same legal effect as if made in one; and one may be subsequent to the other; no consideration passed from plaintiff in error, nor was it induced to change its position in any way; there is no estoppel; 13 C. J. 592, 6 R. C. L. 915; 3 Elliott 1987; Bullock v. Johnson, 35 S. E. 703; Clark v. Sallaska, 174 Pac. 505, 4 A. L. R. 746; Wescott v. Mitchell, (Me.) 50 Atl. 21; defendant in error has the right to show by parol evidence the full agreement as against plaintiff in error, it being a stranger; it is here contended that it gains certain rights by the first instrument to which it is not a party, which prevented the parties from stating their agreement by a subsequent instrument; the parol evidence rule cannot be invoked by strangers, Reynolds v. Morton and Demple v. Carroll involved instruments between the original parties; the reservation may be shown by parol, O'Shea v. Co., 105 Fed. 559; Allen v. Ruland (Conn.) 65 Atl. 138; Goss v. Allison, 136 Mass. 503 holds that a release of one joint tort-feasor releases all, but a later case, Matheson v. O'Keane, (Mass.) 97 N. E. 638 holds that a covenant not to sue one joint tort-feasor does not release the others, and may be shown by parol, Johnson v. Von Scholly, (Mass.) 106 N. E. 17; all of the cases cited by plaintiff in error are essentially dif-

ferent on the facts; that plaintiff in error is a stranger
coming within the exception of the parol evidence rule we
cite, 17 Cyc. 749; 10 R. C. L. 1020; 21 A. & E. Enc. 2nd Ed.
1103.; 2 Elliott Contracts, Sec. 1630; 3 Jones Ev. 217; Lon-
abaugh v. Morrow, 11 Wyo. 17; Stickney v. Hughes, 12
Wyo. 397; Ranson v. Wickstrom & Co., 146 Pac. 1041;
Clapp v. Bank, (Ohio) 35 N. E. 308; Fitzgerald v. Stock
Yds., (Neb.) 131 N. W. 612; Carmack v. Drum, (Wash.)
73 Pac. 377; Ry. Co. v. Darr, (Tex.) 93 S. W. 166; Myers
v. Taylor (Tenn.) 64 S. W. 719; Livingston v. Heck (Ia.)
94 N. W. 1098; O'Shea v. Ry. Co., 105 Fed. 559; High-
stone v. Burdette (Mich.) 27 N. W. 852; Johnson v. Von
Scholley supra; McKim v. St. Ry. Co. (Mo.) 196 S. W.
433; Biscuit Co. v. Dugger (Ore.) 70 Pac. 523; Horn v.
Hanson (Minn.) 57 N. W. 315; Ry. Co. v. Gregory (Tenn.)
193 S. W. 1053; the release may be shown by parol evi-
dence as intended to be a covenant not to sue; McKim v.
Co., 196 S. W. 433; Ranson v. Co. supra; Fitzgerald v. Co.
supra; our point is sustained by El Paso Co. v. Darr, 93
S. W. 166 and Nashville Co. v. Gregory supra; a covenant
not to sue does not release other joint tort-feasors; Stirres
v. Sherwood (Ore.) 145 Pac. 645; the overruling of the
demurrer is sustained by the following authorities, O'Shea
v. Co. supra; Carey v. Bilby, 129 Fed. 203; Berry v. Pull-
man Co. 249 Fed. 816; Barnet v. Conklin, 268 Fed. 177;
Co. v. Barnes, (Ky.) 111 Am. S. Rep. 273; Lovejoy v. Mur-
ray, 3 Wall 1-19; Fitzgerald v. Stockyards, 131 N. W. 612;
Edens v. Fletcher, 98 Pac. 784; Ellis v. Esson, 36 Am. Rep.
830; Pogel v. Meilke, 18 N. W. 927; Ry. Co. v. Darr supra;
Walsh v. Ry. Co. 97 N. E. 408; Tankersley v. Co., 163 N.
W. 850; Boyles v. Knight, 26 So. 939; Trading Co. v. Co.
220 Fed. 783; an acknowledgment of satisfaction against
two of several defendants sued as joint wrong-doers will
not release the others where the instrument shows a con-
trary intention, Fitzgerald v. Co. supra; 58 L. R. A. 307
and note; the release should be construed as a covenant
not to sue, Clark v. Co. (Mo.) 213 S. W. 851.

*H. R. Waldo* and *Hagens & Murane* in reply.

Defendant in error seeks to evade the plain provisions of his own written agreement; it is true that parties to an agreement may vary their obligations by subsequent agreements, but not to the extent of binding third parties whose rights have intervened; his contention of right to show by parol evidence, a different agreement is fallacious; the parol evidence rule is designed to prevent fraud and perjury and cannot be applied to promote these evils by allowing a party to escape the legal effect of his own deed and revive to his advantage a cause of action theretofore extinguished; Reynolds v. Morton supra goes beyond the rule we are contending for here; no authority cited by defendant in error supports contention of right to bring up, after the lapse of two years, mental reservations claimed to have been held from the first, and thus avoid the effect of what he freely and voluntarily did; there is no express reservation here; the release declares in unmistakable terms full satisfaction; and there is no justification for construing it simply as a covenant not to sue; the assertion that defendant in error did not consider the Railroad Company liable, does not explain why he accepted settlement from it for an injury, under the facts the Railroad Company was liable, if plaintiff in error was, and he having received satisfaction from it, is not entitled to double indemnity by means of another recovery from plaintiff in error.

KIMBALL, Justice.

The plaintiff, Guy Clark, or G. C. Clark, an employee of the Chicago, Burlington & Quincy Railroad Company, was injured March 12, 1918 by contact with an electric wire maintained by the Natrona Power Company above and across the tracks of the railroad company. On February 21, 1920, the plaintiff brought his action for damages against the power company as the sole defendant. The answer of the defendant alleged, among other things, that

the plaintiff had made claim against the railroad company for compensation for the injury and thereafter, on April 16, 1918, had received from the railroad company $30 in full payment and satisfaction for all damages sustained by him, and that he thereupon executed and delivered to the railroad company a receipt and release, as follows:

"Chicago, Burlington & Quincy Railroad Company, Dr.
to
G. C. Clark.

April 16, 1918. In full payment, settlement, release and discharge of all claims I now have, or may have, arising from, growing out of, or to grow out of personal injuries, loss of time, pain and suffering, and all loss, damages and expenses suffered by the said G. C. Clark aforesaid, by reason of an accident on the 12th day of March, 1918 at or near the Station of Casper, Wyo., and consisting in electric shock and knocked from car to ground, back and hand and side injured at shops of the Chicago, Burlington & Quincy Railroad Company and caused by rod coming in contact with city wires while on top of oil car.

Above claim settled in full for sum of $30.00

CONTRACT OF SETTLEMENT AND RELEASE

Whereas, I have agreed upon a settlement of all claims against the Chicago, Burlington & Quincy Railroad Company arising from the circumstances set out in the foregoing memorandum, which is made a part of this agreement, and in said settlement have included all damages sustained by me, those not yet ascertained or developed, if any there shall be, as well as those now known, and also have included and settled all other causes of action at this date existing in my behalf against said Company, whether arising upon contract or tort, and whether like or unlike the demand specifically referred to above;

Now, in consideration of the payment to me of thirty dollars, hereby acknowledged and declared to be the full and only consideration moving to me, the receipt of which

is hereby acknowledged, I do hereby release and forever discharge the Chicago, Burlington & Quincy Railroad Company, its Lessors, Lessees and controlled companies, and its and their officers, employes, successors and assigns, of and from all debts, suits, causes of action, claims and demands whatsoever, at law or in equity, which I now have, or to which I may hereafter become entitled on account of the circumstances above set out, including damages not yet ascertained or developed, if any there shall be, as well as those now known, and also of and from all or any other causes or things to this date, whether like or unlike the premises, and whether arising in contract or in tort.''

This writing was signed and sealed by the plaintiff April 16, 1918 in the presence of two witnesses, one of whom was R. W. Haynes.

The plaintiff's reply to this part of the answer admitted the execution and delivery of the ''receipt and release'' set forth in the answer; denied that the receipt and release was in full payment and satisfaction of all damages sustained by him by reason of said injury, and alleged that it was a receipt and release solely of the railroad company, and was so understood and agreed at the time of the execution thereof. That thereafter the parties entered into a ''supplemental written instrument and which became a part thereof,'' as follows:

## ''AGREEMENT SUPPLEMENTAL TO SETTLEMENT AND RELEASE.

Whereas, the undersigned, G. C. Clark, on the 16th day of April, A. D. 1918, made and executed a certain Release and Contract of settlement and release with the Chicago, Burlington & Quincy Railroad Company, being Department Number 1434, and,

Whereas, the undersigned, R. W. Haynes, as Claim Agent for said Company, was present at the execution

thereof and secured the same as the agent and representative and on behalf of said company, in consideration therefor, it is hereby mutually agreed as follows:

That at the time of the execution of said instrument it was mutually agreed that the said G. C. Clark in the execution thereof retained and reserved any right or cause of action for such damages he might have had against any other person, persons or corporation, and that in the execution of said instrument the said R. W. Haynes solely represented the said .Chicago, Burlington & Quincy Railroad Company and sought a release for said company only, and the said G. C. Clark expressly stated that he was releasing said Chicago, Burlington & Quincy Railroad Company only, and reserving his right and cause of action for damages against all other persons or corporations for damages in causing said injuries to said G. C. Clark, and said instrument was so executed and delivered by said G. C. Clark, for the purpose of releasing said Chicago, Burlington & Quincy Railroad Company, and for no other purpose whatsoever.

That this supplemental Agreement shall have the same force and effect in law, and otherwise, as if it had been included in said instrument, executed by said G. C. Clark on the 16th day of April, A. D. 1918, and shall be construed and accepted as a part thereof and is entered into for the sole purpose of putting into writing the full and complete terms and conditions under which said instrument of April 16, 1918, was executed and delivered.''

This writing, which was signed February 5, 1920, bears the signature of the plaintiff and the railroad company, the latter signing ''by R. W. Haynes, Claim Agent.''

To the reply the defendant filed a demurrer which was overruled. The trial resulted in a verdict and judgment in favor of the plaintiff for $150, and the defendant brings the case here by proceeding in error upon the record

proper without a bill of exceptions. The only assigned error is the overruling of the demurrer.

It is admitted for the purposes of this proceeding that the defendant and the railroad company were joint tort-feasors. One who has been injured by the joint wrong of two parties may recover from one or both; but, though there may be separate suits and judgments, there can be only one satisfaction. A release of one joint tortfeasor operates as a discharge of both, but a covenant not to sue one will not discharge the other. These principles are well settled and, we understand, unquestioned in this case.

There is no doubt that the writing of April 16, 1918, if it expressed truly the contract between the plaintiff and the railroad company, was a release of that company and, therefore, discharged the defendant, and unless the reply pleaded provable facts showing the writing was not in fact a release of the railroad company the defendant's demurrer should have been sustained.

For the present, without a critical examination of the reply, we shall assume that it alleges that the writing of April 16, 1918, should have had embodied in it the language of the writing of February 5, 1920, particularly the clauses to the effect that the plaintiff retained and reserved his right and cause of action for damages against all other persons or corporations. The effect of such a reservation in an instrument which would otherwise be a release has frequently been the subject of judicial inquiry and there are many cases in this country holding that the reservation can be given no effect at all, and that the instrument operates as a release of all persons jointly liable. Abb v. Northern Pac. R. Co., 28 Wash. 428; 68 Pac. 954, 58 L. R. A. 293, 92 Am. St. Rep. 864; McBride v. Scott, 132 Mich. 176; 93 N. W. 243; 61 L. R. A. 445, 102 Am. St. Rep. 416, 1 Am. Cas. 61; Seither v. Philadelphia Traction Co., 125 Pa. 397; 17 Atl. 338, 4 L. R. A. 54, 11 Am. St. Rep. 905; Ducey v. Patterson, 37 Colo. 216; 86 Pac. 109, 9 L. R.

A. (N. S.) 1066, 119 Am. St. Rep. 284, 11 Ann. Cas. 393;
Louisville & N. R. Co. v. Allen, 67 Fla. 257; 65 So. 8; L.
R. A. 1915 c. 20; Flynn v. Manson, 19 Calif. App. 400; 126
Pac. 181; Smith v. Dixie Park Am. Co., 128 Tenn. 112, 157
S. W. 900. The idea underlying these cases is that the
primary purpose to release is the thing to be carried out,
and that the reservation of the right to sue others, being
inconsistent with the purpose to release, must be disre-
garded. Walsh v. New York, C. & H. R. Co., 204 N. Y. 58,
97 N. E. 408, 37 L. R. A. (N. S.) 1137. In other words, the
injured person cannot release one wrongdoer and at the
same time reserve the right to pursue another for the same
wrong. While this view may be correct on technical
reasons we think it fails to give a just effect to the ex-
pressed intention of the parties. That intention must be
gathered from the whole instrument including the words
of release and the words reserving the right to sue others.
When the intention be thus ascertained, it should prevail
as far as in law it may. If the writing can operate two
ways, one consistent with the intent, and the other repug-
nant to it, the court will give it the construction best cal-
culated to carry out the intent. These are elementary prin-
ciples. Solly v. Forbes, 2 Brod. & B. 38. When the writ-
ing expresses an intention to release one joint tortfeasor
and also an intention to reserve the right to sue the other,
the two intentions are repugnant if the words of release
be given their strict technical meaning, but they are not
repugnant if the words of release be construed as an
agreement not to sue the one with whom the compromise
has been made. Of the several reasons advanced why the
release of one joint debtor should operate as a discharge
of all the one most commonly assigned in modern cases,
and the only one that rests on broad principles of justice,
is that the releasor is entitled to but one satisfaction and
that an unqualified release implies that he has received it.
Dwy v. Connecticut Co., 89 Conn. 74, 92 Atl. 883, L. R. A.

1915-E. 800, Ann. Cas. 1918D 270. It would seem, then, that the rule, so far as it rests on this reason, requires an unqualified release, and the presumption of the receipt of satisfaction need not be indulged from a release containing a stipulation that the injured party retained his cause of action against others. Matthews v. Chicopee Mfg. Co., 26 N. Y. Super Ct. 711.

As it seems to us that a release so qualified shows on its face the intention of the parties that the right of action against others should not be destroyed, and negatives the idea of full satisfaction, we must follow those cases that hold that such a writing, to carry out its full meaning, may be construed as an agreement not to sue and a discharge of others only *pro tanto*. Gilbert v. Finch, 173 N. Y. 455; 66 N. E. 133, 61 L. R. A. 807, 93 A. S. R. 623; Dwy v. Connecticut Co., supra; Edens v. Fletcher, 79 Kans. 143; 98 Pac. 784, 19 L. R. A. (N. S.) 618; El Paso & S. R. Co. v. Darr (Tex. Civ. App.), 93 S. W. 166; Blend v. Lawyer-Cuff Co. (Okl.) 178 Pac. 885; Home Telephone Co. v. Fields, 150 Ala. 306; 43 So. 711, Brown v. Pacific Coast Agency, 53 Cal. App. 788, 200 Pac. 977; Kropidlowski v. Pfister & Vogel Leather Co., 149 Wis. 421; 135 N. W. 839, 39 L. R. A. (N. S.) 509; Carey v. Bilby, 129 Fed. 203; 63 C. C. A. 361; Duck v. Mayeu, (1892) 2 Q. B. 511. The conflict between the authorities and the reasons for the conflicting views are noticed in the cases of Matheson v. O'Kane, 211 Mass. 91, 97 N. E. 638, 39 L. R. A. (N. S.) 475, Ann. Cas. 1913B 267 and Carpenter v. Company, 78 N. H. 118, 97 Atl. 560, without a decision of the point. Some of the cited cases involved releases from joint contract obligations, but the rule is the same in tort cases. The view which we approve, as settled in England, is stated in Duck v. Mayeu, supra, as follows:

"In determining whether the document be a release or a covenant not to sue, the intention of the parties was to be carried out, and if it were clear that the right against

a joint debtor was intended to be preserved, inasmuch as such right would not be preserved if the document were held to be a release, the proper construction, where this was sought to be done, was that it was a covenant not to sue, and not a release.''

In Gilbert v. Finch, supra, the leading modern case in this country, the same rule is stated as follows:

''Where the release contains no reservation, it operates to discharge all the joint tortfeasors; but, where the instrument expressly reserves the right to pursue the others, it is not technically a release, but a covenant not to sue, and they are not discharged.''

Some of the decisions seem to be influenced by statutes providing that releases shall be construed so as to effect the intention of the parties, but we think such statutes, in so far as they refer to the intention to be gathered from the contract of release, are only declaratory of an applicable rule of construction that requires no statutory affirmation.

We are therefore of opinion that the so-called release of April 16, 1918, if it had contained a stipulation showing an intention that the plaintiff retain his right of action against others liable for the tort, would have been construed as a covenant not to sue the railroad company, and, therefore, a discharge of the defendant *pro tanto* only. To this point we have assumed that the reply alleged facts to show that the writing of April 16, 1918 should have had embodied in it such a stipulation. It now becomes necessary to examine the reply to see whether these facts are alleged.

The allegations that the writing of April 16, 1918 was not in full payment and satisfaction of all damages, and that it was a release of the railroad company only, are, in our opinion, mere denials of the legal effect of that writ-

ing, and, standing alone, raised no issue of fact. Allen v. Ruland, 79 Conn. 405; 65 Atl. 138, 118 Am. St. Rep. 146, 8 Ann. Cas. 344. Those allegations, however, are coupled with the statement that at the time of the execution of the writing it was so understood and agreed between the plaintiff and the railroad company. The effect of these allegations is to give warning that the plaintiff proposes to maintain at the trial that the writing does not contain the true contract or the whole contract as made April 16, 1918 between him and the railroad company. The defendant contends that this cannot be done without violation of the parol evidence rule, and we think the contention must be sustained. The invoked rule, though by custom called a rule of evidence, is in fact a rule of substantive law as has often been explained. Thayer's Prelim. Trea. on Ev., p. 397; 5 Wigmore on Ev., § 2400. When the plaintiff pleads that the writing does not express the intentions of the parties to it at the time, he pleads something which the law will not permit him to prove. Here, again, we have to consider a direct conflict in the authorities.

It must be understood that we do not attach to the writing any of the incidents which at common law were peculiar to sealed instruments. Under our statutes abolishing seals (C. S. §§ 4597-4599) the presence of an unnecessary private seal on a writing does not entitle its recitals to any effect that they would not have had without the seal. It must be understood, also, that we are raising no question of the right to disprove a recital of fact in a written contract; nor, at this time, referring to evidence that might be admissable under an issue of fraud or mistake. In other words, we now refer to the effect of the parol evidence rule only.

It is commonly said, without qualification, that the parol evidence rule applies only in suits between the parties to the contract and their privies, and that in a suit between

a party and a stranger neither is concluded by the writing, but either may give evidence differing from it. Greenleaf on Ev. (16th Ed.) §§ 279, 305h. This reasoning has been applied to cases similar to the one at hand. Thus, it has been held that the joint tortfeasor sued is not bound by the writing and, if the writing appear to be only a covenant not to sue the other joint tortfeasor, the defendant may be permitted to show by parol that there was in fact an accord and satisfaction, and that the writing to speak the truth should be a release. Then it is argued that the right to vary the writing must be mutual, and held that the plaintiff must have the right to contradict the terms of an instrument which, as written, is a release. O'Shea v. New York etc. R. Co., 105 Fed. 559; 44 C. C. A. 601; McKim v. Metropolitan Street R. Co., 196 Mo. App. 544; 196 S. W. 433; Fitzgerald v. Union Stock Yards Co., 89 Nebr. 393; 131 N. W. 612, 33 L. R. A. (N. S.) 983; El Paso & S. R. Co. v. Darr (Tex. Civ. App.) 93 S. W. 166; Nashville etc. R. Co. v. Gregory, 137 Tenn. 422; 193 S. W. 1053; Johnson v. Von Sholley, 218 Mass. 454; 106 N. E. 17; O'Neil v. National Oil Co., 231 Mass. 20, 120 N. E. 107.

The statement that the parol evidence rule has application only in suits between parties to the writing cannot be defended on principle, though in many of the cases that have called forth the statement the parol evidence held admissible on this theory might have been properly admitted on other grounds. Wigmore on Ev., Sec. 2446; Williston on Cont., Sec. 647. As said in the last cited work, "where the issue in dispute, even between third parties, is what are the obligations of A and B to one another, and those obligations are stated in a written contract, the parol evidence rule is applicable," and an illustration is there given to show the anomalous situation that would arise in certain cases if an instrument which must be construed as a release of one joint debtor could, in a controversy with the other, be proved by parol to be only a con-

tract not to sue. If, in a case hereinbefore supposed, there has been an accord and satisfaction between the plaintiff and one joint debtor, and the writing is in form a contract not to sue, the other joint debtor when sued may be permitted under proper issues to prove the true arrangement. His right to do this would not arise from the mere fact that he was not a party to the writing, but because of some fraud, accident or mistake in the preparation of the writing.

We are therefore of opinion that in the absence of fraud or mistake the intentions of the plaintiff and the railroad company on April 16, 1918 must be gathered from the writing of that date. These views find support in the texts cited above and the following cases: Goss v. Ellison, 136 Mass. 503; Gold v. Boston Elevated R. Co., 244 Mass. 144; 138 N. E. 251; Allen v. Ruland, 79 Conn. 405; 65 Atl. 138; 118 Am. St. Rep. 146, 8 Ann. Cas. 344; Denver & R. G. R. Co. v. Sullivan, 21 Colo. 302; 41 Pac. 501; Carpenter v. Company, 78 N. H. 118; 97 Atl. 560; Stires v. Sherwood, 75 Ore. 108; 145 Pac. 645; Betcher v. Kunz, 112 Wash. 563, 192 Pac. 955.

No fraud is charged, and it remains to be decided whether the reply sufficiently alleges a mistake.

The remaining allegation of the reply is that the plaintiff and the railroad company entered into the ''supplemental written instrument,'' as set forth, and that that instrument thereby became a part of the contract of April 16, 1918. As we have said, the contract of April 16, 1918, as written, was a release. If a release, it had the instantaneous effect of discharging the defendant. Allen v. Ruland, supra. That effect could not be changed by anything said by the plaintiff and the railroad company on February 5, 1920, whether said by word of mouth or in writing. The part of the reply that we are now considering can at the most be considered an allegation that the plaintiff and the railroad company signed such a paper.

The paper was probably objectionable even as evidence against the defendant, although the facts therein recited might have been relevant on an issue of mistake and on that issue might have been proved by other evidence. As against the demurrer we probably would not be justified in holding that the setting forth of this writing in the reply was equivalent to an allegation that the facts recited in the writing were true. If such a liberal construction could be justified we think even then the reply would fall short of alleging a mistake which prevented the real contract of April 16, 1918 from being embodied in the writing of that date. To raise such an issue the reply should have alleged not only that the plaintiff and the railroad company at the time of making the contract of April 16, 1918 agreed that the plaintiff reserved the right to sue others, but also facts to show that a stipulation to that effect was omitted from the writing as the result of either a mutual mistake of fact or a mutual misunderstanding of the legal effect of what was written. See: Pomeroy on Eq. Juris. §§ 843-845; Corrigan v. Tierney, 100 Mo. 276, 281; 13 S. W. 401; Traveler's Ins. Co. v. Henderson, 69 Fed. 762, 769, 16 C. C. A. 390.

It follows that the demurrer should have been sustained. The judgment of the district court will be reversed, and the cause remanded with directions to sustain the demurrer giving the plaintiff a reasonable time within which to file an amended reply, and for further proceedings not inconsistent with the views herein expressed.

POTTER, Ch. J., and BLUME, J., concur.

NOTE—See 13 C. J. p. 521; 22 C. J. p. 1140; 23 Cyc. p. 1470; 31 Cyc. p. 673; 34 Cyc. pp. 1086, 1087, 1090, 1098 (1925 Anno); 35 Cyc. p. 1168.