Taft, J.
Until the decision in Adams Express Co. v. Beckwith (1919), 100 Ohio St., 348, 126 N. E., 300, it was the law in this state that a written release of one joint tort-feasor operate^ *216 as a release of all such tort-feasors even where rights were expressly reserved against some of them.
The syllabus in that case reads in part:
“3. Where such written releases expressly provide that the release is solely and exclusively for the benefit of the parties thereto, and expressly reserves a right of action as against any other wrongdoer, such reservation is legal and available to the parties thereto.
“4. Such written release, whether it be a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction, does not inure to the benefit of any other persons than those who are parties to such written release, save and except that it is a satisfaction pro tanto to the party wronged and to that extent works a discharge to all joint wrongdoers. (Ellis v. Bitzer, 2 Ohio, 89, disapproved and overruled.)[1]
It is contended by defendant that those words indicate that a covenant not to sue is a release and that therefore such covenant given to one joint tort-feasor will, like a release, operate as a release of the other joint tort-feasors, unless rights are expressly reserved against them.[1]
However, as we read paragraph four of that syllabus, especially in the light of the opinion, it merely expressses the intention of this court that the kind of release referred to in paragraph three of that syllabus (“such written release”) may be described as either “a covenant not to sue, a covenant to cease suing, or a covenant in partial satisfaction.” We do not believe this court intended to state that such covenants should, in order to be limited in their effect to the same extent as the releases described in paragraph three, have all the formal attributes specified in that paragraph including an express reservation of rights against other tort-feasors.
This conclusion is fortified by a consideration as to (1) what a release is (2) what a covenant not to sue is and (3) the history of the common law with respect to releases, covenants not to sue and releases with reservations of rights.
Where a party has a cause of action in tort against several *217 joint tort-feasors and for a legal consideration gives a release to one of such tort-feasors, such party has in effect sold, transferred or abandoned his cause of action to the party to whom the release has been given.[2] 45 American Jurisprudence, 675, Section 2. Hence, the party who had such cause of action thereafter has no cause of action to assert against anyone. As a result, all joint tort-feasors are considered as released.
On the other hand, where such party merely has agreed for a consideration not to sue or otherwise assert such cause of action against one of such tort-feasors, there is no transfer or abandonment of such party’s cause of action. Thus, such cause of action continues to remain in such party and can thereafter be enforced against anyone except someone whom such party has agreed not to sue. See Duck v. Mayeu (1892), 2 Q. B., 511, 513; Matheson v. O’Kane (1912), 211 Mass., 91, 94, 97 N. E., 638, 39 L. R. A. (N. S.), 475, Ann. Cas., 1913B, 267; annotation, 73 A. L. R. (2d), 403, 408, 420, 421. However, in the absence of some expressed intention to confer a benefit upon someone other than a party named in such agreement not to sue, no reason is apparent for conferring upon anyone else the immunity from suit promised only to those named in such agreement not to sue. Hence, only those named therein may enforce such covenant or agreement not to sue. See City of Chicago v. Babcock (1892), 143 Ill., 358, 366, 367, 32 N. E., 271.
In holding that a release of one joint tort-feasor with a reservation of rights against other joint tort-feasors did not release such other joint tort-feasors, the courts have frequently referred to such release with reservation of rights as a covenant not to sue. See Duck v. Mayeu, supra (2 Q. B., 511); Dwy v. Connecticut Co. (1915), 89 Conn., 74, 92 A., 883, 57 L. R. A. (N. S.), 800, Ann. Cas., 1918D, 270.
This has apparently been done in order to justify giving the same effect to that kind of release as to a contractual undertaking which does not give rights to anyone other than the one to whom such undertaking is given.
However, before a .release with a reservation of rights was *218 referred to as having the same effect as a covenant not to sue, covenants or agreements not to sue had been recognized as in effect being enforceable only by those to whom they were given, even where such covenants or agreements were not coupled with any reservations of rights. Hutton v. Eyre (1815), 6 Taunt., 289; Matheson v. O’Kane, supra (211 Mass., 91); City of Chicago v. Babcock, supra (143 Ill., 358).
It may be observed that the covenant or agreement not to sue in the instant case does not by its words purport to release, abandon or transfer any right or cause of action or to recognize the consideration paid thereunder as representing full satisfaction. (Such consideration necessarily represents a pro tanto satisfaction.) We mention this only for the purpose of emphasizing that we are only deciding the controversy presented to us for decision.
Our conclusion is that, where a valid agreement is made not to sue parties whose negligence is claimed to have proximately contributed with the negligence of others to cause injury and where such agreement does not purport to release or transfer any cause of action for such injury and where such agreement does not expressly recognize the consideration paid thereunder as full satisfaction for such injury, such agreement will not operate to bar actions against such others for causing such injury even though such agreement does not expressly reserve rights against such others.
It follows that the judgment of the Court of Appeals must be reversed and the cause remanded to the Common Pleas Court for further proceedings.

Judgment reversed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Radoliee and O’Neill, JJ., concur.
Radoliee, J., of the Fourth Appellate District, sitting by designation in the place and stead of Herbert, J.

Except for this contention, which was apparently not made in City of Cleveland v. Hanson (1921), 15 Ohio App., 409 (affirmed in memorandum opinion, 105 Ohio St., 646, 138 N. E., 925), the judgment in this case could probably be affirmed on the authority of the Hanson case.

Such a sale, transfer or abandonment will include by necessary implication “an agreement by the releasor * * * not to enforce his tort claim.” Shallenberger v. Motorists Mutual Ins. Co. (1958), 167 Ohio St., 494, 150 N. E. (2d), 295.