WORLAND SCHOOL DISTRICT, a Body Corporate and Political Subdivision in Washakie County, Wyoming, Appellant (Defendant below),

v.

Larry BOWMAN, Bertel Budd, Dwayne Freeman, and Roy Swartz, Appellees (Plaintiffs below).

No. 3680.

Supreme Court of Wyoming.

Oct. 2, 1968.

Rehearing Denied Nov. 6, 1968.

Elmer J. Scott, Scott & Joffe, Worland, for appellant.

David N. Hitchcock, Laramie, for appellees.

Before HARNSBERGER, C. J., and GRAY, McINTYRE and PARKER, JJ.

Mr. Justice PARKER delivered the opinion of the court.

This is an appeal from a summary judgment allowing each of four plaintiff school teachers to recover one-half month's salary, which had been withheld by the defendant school district under the claimed authority of a provision in their printed contracts of employment, the germane portions of which were:

"Witnesseth: That the Teacher agrees to teach the subjects or grades assigned in the Worland School District in a faithful and efficient manner for the school year 1964–1965 as designated by the District; to keep legally qualified; to pursue a program of professional improvement; to observe all Policies, Rules and Regulations of Worland School District and the School Laws of Wyoming. For the purpose of this contract the school year shall include a pre-school workshop of three days and includes attendance at the state teachers' convention.

\* \* \* \* \* \*

"It is agreed, that this contract may be terminated by either party upon submission of thirty (30) days written notice;

provided that the employment of the Teacher may be terminated by the district any time for cause after a hearing before the District Board of Trustees; provided further, that the Teacher may terminate this agreement upon submitting written notice of less than thirty (30) days for reason of required military service, serious illness, or because of death in the immediate family.

"It is further agreed, that if the Teacher resigns and fails to fulfill the terms of this contract, the Teacher shall forfeit one-half (½) month's salary. The Teacher agrees to permit the Board of Trustees to withhold the sum of money from any monies due the Teacher from the School District."

In each instance the teacher had been employed for the school year 1963–1964; in March 1964 had executed a written contract with the district for employment for the school year 1964–1965; and in May or early June 1964 submitted resignation to the board which was accepted before the end of June. The trial court made clear its rationale by stating in the finding that each plaintiff "did fulfill the terms of his contract with Defendant by giving timely written notice of his resignation as contemplated by each contract."

Primarily the defendant contends that despite the 30-day notice the contract may not in all instances be terminated with impunity,[1] the second of the quoted paragraphs providing that it is not with impunity when the contract is terminated by resignation, especially where such resignation is, as here, in order to accept a more attractive teaching position. Defendant insists that although a 30-day notice gives the district

time to make other arrangements the damage is not undone and submits that this court may judicially notice colleges have completed their school around June 1, that the supply of teachers from the graduating class will have become scattered, most of them having been interviewed and the better ones hired, and that in an employees' market, which exists under the current teacher shortage, the school district is put in a most difficult position if, after acquiring contracts from its teachers, it suddenly is left short-handed.

Plaintiffs argue that they fulfilled the terms of the respective contracts by giving ample written notice of termination when they resigned, that the purpose of the 30-day provision is obvious, that in framing its contract[2] for presentation to its teachers the appellant school district decided that it must have at least thirty days before the opening of the school year (10 days before Labor Day) in which to obtain replacements for teachers who might terminate the agreement and so a teacher who fails to give such notice would be penalized by forfeiture of one-half month's salary.

While defendant invokes the well-established rule that the various provisions of a contract must be considered together with the situation of the parties, the subject matter of the contract, the purpose of its execution, and that the parties do not intend any inconsistency between separate paragraphs of a contract, plaintiffs emphasize that a contract is to be construed against the party who selected the language and drafted the instrument and in favor of the opposite party (without indicating any source in the record which would show who did draft this instrument) and that a court is reluctant to decree a forfeiture except

---

1. Peripherally defendant contends that even if a teacher may resign on thirty days' notice with impunity only one (Budd) gave thirty days' notice of his resignation so that the district was entitled to withhold from the other three, but we find no merit in this position.

2. Nowhere in the record do we find any indication of who prepared this contract

and whether or not § 21–270, W.S.1957, was utilized; we do note that the 1963–1964 contract previously signed by each teacher contained the wording in the corresponding third paragraph, "It is further agreed that if the teacher resigns *after July 1* and fails to fulfill the terms of this contract, the Teacher shall forfeit one-half (½) month's salary." (Emphasis supplied.)

in clear situations. Such generalities are of little assistance. Neither party calls our attention to a case comparable on the facts or the controlling law, and we have not encountered any in our investigation. The trial court found an easy solution to the problem in holding each plaintiff had fulfilled the terms of his contract by giving timely notice of resignation. We, however, find no authority, and think none can be extant, for saying that any contract of employment can be fulfilled by a resignation. The fulfillment and the resignation are entirely incompatible except in the unlikely event of a teacher's submitting his resignation after teaching, as provided in the initial, quoted paragraph, "the subjects or grades assigned * * * in a faithful and efficient manner for the school year." Fulfill is defined "to carry out (something promised, desired, expected * * *); cause to be or happen, * * * to do (something required); obey * * * to fill the requirements of; satisfy (a condition); * * * to bring to an end; complete." Webster's New World Dictionary (College Edition, 1957), p. 585. We see no justification for saying that a resignation which is in effect a giving up or a relinquishment of a position is a performing of the contract of employment, although plaintiffs insist, without citing precedent, that "if a teacher terminates the contact by giving 30 days notice, as is his right by one of the terms of the contract, the contract become[s] a nullity and there are no other terms to be fulfilled by the teacher."

■ Had we sat in place of the trial court, we are inclined to believe summary judgment might, in the state of the record, have been entered for defendant, but in view of the action of the learned trial court, we are forced to the conclusion that the contract in the wording of the second and third paragraphs previously quoted is ambiguous, the intent of the parties becoming a matter of inquiry. Defendant's tenth answer to interrogatories and request for admissions contained the statement, "John Seyfang of the Worland School District, * * * will testify that each of the Plaintiffs consulted them prior to their resignations to ascertain if the penalty provisions of their respective contracts would be invoked if they resigned, and each * * * was informed that they would," indicates the possibility of the parties' awareness that when the 1964–65 contract dropped the July deadline for resignations it was intended that the contract be strengthened regarding the inability of teachers to resign with impunity even with thirty days' notice rather than weakened.

■ Judge Kimball said in Natrona Power Co. v. Clark, 31 Wyo. 284, 225 P. 586, 588, that if a writing can operate two ways, one consistent with the intent and the other repugnant to it, the court will give it the construction best calculated to carry out the intent. And in Goodman v. Kelly, Wyo., 390 P.2d 244, 247, Judge Gray observed that if the meaning of a contract is ambiguous and not apparent resort may be had to competent evidence of extraneous circumstances tending to explain the ambiguity and further illustrate the intention of the parties at the time the provision was adopted, and in such instance, interpretation becoming a mixed question of law and fact.

Under the circumstances here present, we conclude that the trial court erred in holding that there was only a question of law to resolve. Accordingly, the summary judgment is reversed and the cause remanded for trial.

Reversed and remanded.

### On Petition For Rehearing

**PER CURIAM.**

Appellees having applied for rehearing but failing to advance any matter not heretofore considered by this court, the same is denied.